THOMAS LEE ET AL., *Plaintiffs in Error,*

*vs.*

ELIZA A. MEEKER, *Defendant in Error.*

ERROR TO THE RACINE COUNTY COURT.

In an action of trespass, it is competent for the defendant to prove that the acts complained of were done under and by virtue of a license from the plaintiff Such license may be proved by parol, whether the trespass is *quare clausum fregit,* or *de bonis asportatis,* or whether it be an alleged injury to the reversion or to the possession. If such license be proved, it constitutes a valid defence. Such license protects not only the licensee, but all those who act under him within the scope of such license.

This was an action of trespass, brought by the defendant in error against the plaintiffs in error. The declaration contained three counts, alleging that a certain messuage and premises, with the appurtenances, situated in the town of Yorkville, in the county of Racine and State of Wisconsin, were in possession and occupation of one John Hadley, as tenant of the plaintiff, the reversion thereof then and still belonging to the plaintiff; yet the said defendants, well knowing the premises, but contriving &c. to injure &c. the said plaintiff in her reversionary estate and interest of and in the said messuage and premises, whilst the said messuage and premises were so in the occupation and possession of the said tenant, and whilst the said plaintiff was interested therein as aforesaid, to wit: on the 10th day of April, 1851, at, &c., wrongfully, wilfully and maliciously, without the leave or license of, and against the will of the said plaintiff, with shovel, spades, &c., did he then move the said messuage or dwelling house from its founda-

Dec. Term 1853.

Lee et al.
vs.
Meeker.

tion, a long distance from its proper place, &c. And thereby, and by reason of said unlawful acts, the said plaintiff was obliged to expend large sums of money in restoring the same, &c., by reason whereof the plaintiff hath been greatly injured in her reversionary estate, &c.

The defendants below severally pleaded the general issue, and gave notice that they would show on the trial that the said several supposed grievances were committed at the instance and request of the said John Hadley, and as his servants.

On the trial below, the plaintiff, to show title in herself, gave in evidence a deed of the premises, by John Meeker and Charlotte, his wife, to the said plaintiff; also, a written lease of the said premises to the said John Hadley, bearing date April 6, 1850, for the term of five years, by which, among other things, it was agreed upon the part of Hadley to put on to the said premises a good, two-story house, convenient and comfortable for the said Hadley's family, well finished and painted; and, at the end of the term, to leave all of the said improvements in good condition.

The plaintiff then proved that the building which had been erected by Hadley on the said premises, was moved from its foundation by the defendants about the 10th day of April, 1851, and partly turned on the cellar wall, but not moved further by them.

The plaintiff's counsel then asked the witness what it would be worth, to clear the rubbish out of the cellar; to which the defendant's counsel objected, on the ground that the expense of clearing out the cellar was no injury to the reversion. Objection was overruled and exception taken.

On the part of the defendants, John Hadley was

called as a witness, and among various questions pro-

pounded to him, in different forms, was the following:
Did you have a license, or permission, from the plain-
tiff, to remove the said house? If so, state when it
was given, and what that license or permission was.
To this the plaintiff objected, the court sustained the
objection, and the defendants excepted.

There was also testimony given on the part of the
defendants, tending to show that the defendants acted,
in the removing of the house, by the direction of Had-
ley, and as his servants. There was much other tes-
timony offered on both sides, bearing upon the merits
of the case, but not upon the particular points decided
by this court, and therefore need not be here stated.

The jury returned a verdict for the plaintiff for
$72.50 damages, upon which the court below rendered
judgment.

*H. T. Sanders*, for plaintiffs in error.

*Emerson and Marshall*, for defendant in error.

*By the Court*, CRAWFORD, J. Without pointng out
the instances in which improper and irrelevant testi-
mony was permitted to be given on the trial of this
cause in the County Court, we must reverse the judg-
ment because competent and material evidence on the
part of the present plaintiffs in error was erroneously
excluded on the trial below.

The injury complained of consisted in the partial
removal of a building situate upon the lands of the
defendant in error, which lands, at the time of the al-
leged injury, were in the possession of John Hadley
either as lessee and tenant under Miss Meeker (the
defendant in error,) or under an agreement between

her and the said Hadley for the purchase of said lands. The building had been erected by Hadley upon the lands.

Whether Hadley was in possession by virtue of an agreement to purchase, or by virtue of a lease, is immaterial in the present aspect of the case. The plaintiff brought her action for certain acts which she claims were injurious to her, and it would certainly seem reasonable and legal to permit the defendants to prove that the very acts of which the plaintiff complains were done by her permission and authority. The defendants called Hadley as a witness, and among other questions propounded to him was the following: "Did you have a license or permission from the plaintiff to remove said house? if so, state when it was given, and what that license or permission was." This question was objected to by plaintiff's counsel, and the court would not permit the question to be answered. In excluding the evidence thus sought to be elicited, the court erred. Before the question was asked, there had been some evidence given upon the examination in chief of three of the plaintiff's witnesses, (Lawton, Kalk and Any,) tending to show that the house was removed by direction of Hadley, and that such was the case, seems to be established by Hadley's subsequent testimony.

Now the evidence which the defendants attempted to produce, and which the court refused to receive, was not only pertinent, but calculated to defeat the plaintiff's cause of action. It was an offer to show a license, authority, or permission from the plaintiff in the action, to Hadley to remove the building, and for aiding in doing so, by directions of Hadley, the defendants were sued. If Hadley had been sued, he

could most assuredly have shown a license to him, if one had been given, as a defence; and if these defendants acted for Hadley as his servants, or by his direction, we know of no principle of law which can preclude them from setting up a justification as effectually under the license to Hadley as he could.

The license in this case may have been in writing, or it may have rested in parol, but it would be efficacious in either form. Licenses to do a particular act or series of acts on the land of another without passing any estate in the land, may be created by parol. They do not in any degree trench upon the policy of the law which requires that bargains respecting the title or interest in real estate shall be by deed or in writing. *Cook vs. Stearns*, 11 *Mass.* 533; *French vs. Owen*, 2 *Wisconsin Rep.* 250.

If it be true that Hadley had a license or permission from the plaintiff in this action to remove the building in question, and that the defendants, in assisting in the removal, acted by direction of Hadley, or as his servants, and in this action they are sought to be held liable for so assisting in the removal of the building, they have a right to give evidence of such a license, and to avail themselves of any protection which may arise therefrom.

As the case must be tried anew, we do not think it necessary to examine the other errors insisted upon. The judgment must be reversed, and a *venire facias de novo* awarded.