THE STATE v. MORRISSEY.

Criminal law: BURGLARY. In an indictment for breaking and entering a
building in which valuable things are kept, with intent to commit
a felony (Rev., 1860, § 4235), it is necessary to aver and set out the
name of the owner of the building, if known, and, if not known, then
it should be so stated.

*Appeal from Dubuque District Court.*

TUESDAY, APRIL 16.

INDICTMENT for entering a building in which valuable
things were kept for use, with intent to commit a felony.

There was a jury trial, which resulted in a verdict of
guilty. The defendant moved in arrest of judgment.
The court overruled the motion, and the defendant
excepted and appeals.

*O'Neill & McNulty* for the appellant.

*F. E. Bissell*, Attorney-General, for the State.

COLE, J.—The indictment in this case is based upon
Revision, § 4235 (2611). "If any person, with intent to
commit a felony, in the day-time break and enter, or, in
the night-time, enter without breaking, any dwelling-
house; or at any time break and enter any office, shop,
store, warehouse, boat or vessel, or any building in which
any goods, merchandise or valuable things are kept for
use, sale or deposit, he shall be punished by imprisonment
in the penitentiary, not more than ten years, or by fine,
not exceeding five hundred dollars, and imprisonment in
the county jail not more than one year." The charging
part of the indictment is as follows: "The said James
Morrissey, heretofore, to wit, on the eighth day of Sep-
tember, A. D. 1866, in the county aforesaid, at the city

of Dubuque, feloniously did break and enter a barn there situate, with intent feloniously to steal, take and carry away harness, saddle, bridles and other valuable things then and there being kept for use, of the goods and chattels of James Donellan, then and there being." The defendant plead not guilty, and thereon a trial was had to a jury, which resulted in a verdict of guilty. After the verdict was returned into court, the defendant moved in arrest of judgment, for the reason " that the indictment does not allege whose barn it was that defendant is accused of breaking and entering." This motion was overruled, and judgment was entered and sentence passed upon the defendant, from which he appeals. The overruling of this motion is the only alleged error.

Our statute provides that a motion in arrest shall be granted for any cause which would have been ground of demurrer. Rev., § 4856. It is further provided that in an indictment, when material, the name of the person injured, or attempted to be injured, be set forth, when known to the grand jury, or, if not known to it, that it be so stated (Rev., § 4659, subd. 6); and that a defendant may demur when the indictment does not substantially conform to this and other requirements of Revision (ch. 199, § 4707).

The first inquiry, then, is, whether the name of the person injured is material, in charging the offense specified CRIMINAL LAW: burglary. in section 4235, *supra*. And upon this question there does not appear to be any conflict of authorities. The name of the person injured, in burglary and kindred offenses like this, is uniformly held to be material, and, of the correctness of this holding, we have no doubt. *Willis* v. *The People*, 1 Scam. (Ill.), 399; *Commonwealth* v. *Williams*, 2 Cush., 582; *Spencer* v. *The State*, 13 Ohio, 401; *Dutcher* v. *The State*, 18 Ohio, 308.

The only other question is, whether this indictment

does give the name of the person injured. That is, whether the person injured is the owner of the barn, or the owner of the property which the defendant feloniously intended to steal from the barn. And upon this question there is but little room for controversy. The person injured must be the person whose property is actually affected by the act of the defendant, and not the person whose property was only *intended* to be affected. In other words, no injury results to the owner of the harness, etc., by the intent of the defendant to steal them; but the injury results alone to the owner of the barn which was *actually* broken and entered. The name of the owner of the harness, etc., it was not necessary to set out in the indictment, since he was not injured; but the name of the owner of the barn, he being the person injured, was material, and should have been set out, if known, and, if not known, then it should be so stated.

It follows, therefore, that the court erred in overruling defendant's motion in arrest, and, for this error, the judgment is reversed, and the case remanded for a new trial.

Preliminary to such new trial, the cause may be re-submitted to another grand jury, as provided in the Revision, sections 4698, 4712.

Reversed.