##### FOR THE

### COUNTY OF WORCESTER, OCTOBER TERM 1871, AT WORCESTER.

#### [CONTINUED FROM VOL. CVII.]

PRESENT:

Hon. REUBEN A. CHAPMAN, Chief Justice.
Hon. HORACE GRAY, Jr.,
Hon. JOHN WELLS,
Hon. SETH AMES, } Justices.
Hon. MARCUS MORTON,

---

### COMMONWEALTH vs. REUBEN PERRIS & others.

An indictment on the Gen. Sts. c. 161, § 12, for breaking and entering a building with intent to commit a felony, cannot be maintained without an averment of the ownership of the building.

INDICTMENT on the Gen. Sts. c. 161, § 12, for breaking and entering a building in the night time with intent to commit larceny therein. Before the jury were empanelled in the superior court, *Pitman*, J., overruled motions to quash the indictment for want of an averment of the ownership of the building. The defendants were tried and found guilty, and alleged exceptions. The case is stated in the opinion.

*M. J. McCafferty & H. B. Staples*, (*F. P. Goulding* with them,) for the defendants.

VOL. XII.                    1

*C. Allen*, Attorney General, for the Commonwealth. 1. This is not an indictment for burglary at common law, but for a statutory offence; and it is enough for it to follow the words of the statute, which describe the whole offence and do not call it by any general name. *Tully* v. *Commonwealth*, 4 Met. 357. *Commonwealth* v. *Raymond*, 97 Mass. 567, 569. *Commonwealth* v. *McClellan*, 101 Mass. 34. *Whiting* v. *State*, 14 Conn. 487. 1 Bishop Crim. Proc. § 359, and cases cited. There is no reason for an averment of ownership. The defendants suffer nothing by the omission. If the facts as to the ownership are such as to constitute a defence, they may be taken advantage of at the trial. When breaking and entering a public building, or burning it, is made punishable, the indictment need not aver any ownership of it. *State* v. *Roe*, 12 Verm. 93, 112. The forms used in ordinary cases of burning have no application here, because the statutes as to burning private buildings expressly say "the building of another." *Commonwealth* v. *Squire*, 1 Met. 258. *Commonwealth* v. *Harney*, 10 Met. 422. So also with the form required in an indictment for robbery, because the statute as to robbery merely provides a punishment for a common law offence. *Commonwealth* v. *Clifford*, 8 Cush. 215.

2. This statute was intended to punish breaking and entering a building with felonious intent, without regard to its ownership; and it would be no defence to show, as matter of fact, that the defendants owned it themselves, or stood in such a relation to it that they could not be said to enter it "burglariously" at common law. The Gen. Sts. *c.* 161, relating to offences against property, discriminate between cases where ownership of the property is material or not. In providing punishments for burnings, they specify that the thing burned must be the dwelling-house, banking-house, barn, bridge, wood, fence, &c., "of another." §§ 1, 2, 4, 5. The statutes for breaking and entering follow immediately, and make no such specification. §§ 10–12. The reason is, because the gist of the offence is made to consist in a felonious intent. Breaking and entering a building has of itself no necessary criminal quality. The intent may be meritorious, as to save life or property; or it may be innocent; or it

may be illegal, yet not highly criminal, as to secrete one's self or otherwise use the building temporarily. But when it is felo- nious, the criminality is not materially lessened by any ownership of the building, and the legislature may well have disregarded that consideration. In breaking into the room of a guest at a hotel, or a passenger upon a ship, with intent to rob, ravish or kill, the criminality is surely no less if the act is done by the landlord or the shipmaster. There are other cases where acts are made criminal without regard to the ownership of the property to which they relate; as for instance, cruelly beating one's own horse; *Commonwealth* v. *McClellan*, 101 Mass. 34; disinterring a corpse; *Commonwealth* v. *Cooley*, 10 Pick. 37; desecrating one's own lot in a burying-ground; *Commonwealth* v. *Wellington*, 7 Allen, 299. The acts to constitute a breaking and entering may depend somewhat upon ownership. Those which would consti- tute the breaking and entering of the building of another may not constitute the breaking and entering of one's own building. But no question of that kind arises here.

MORTON, J. The indictment in this case alleges that the de- fendants " on the twenty-fifth day of October in the year eighteen hundred and seventy, in the night time of said day, at Grafton in said county, the building known as Warren Block, there situate, did break and enter, with intent the money, goods and chattels, in the same building then and there being, then and there to steal, take and carry away ; " it then alleges a larceny of money, goods and chattels of the First National Bank of Grafton " in the same building ; " and it nowhere alleges the ownership of the uilding.

An indictment must allege all the facts necessary to constitute the offence charged. It is clear that this indictment is fatally defective, unless the statute under which it is brought can be construed so as to make it criminal for a person to break and enter his own house with a felonious intent. If one of the ele- ments of the offence intended by the statute is, that the building entered by the accused must be the building of another, it is elementary law that the indictment must allege the ownership.

The statute upon which the indictment is founded provides

that " whoever breaks and enters, in the night time, a building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state prison not exceeding twenty years." Gen. Sts. *c.* 161, § 12. It is true this section does not use the words, " the building of another ; " and it is seen, upon an examination of the whole chapter, that this form of expression is not used in any of those sections which provide for the various grades of burglary or house-breaking, nor in most of those providing for the different degrees of larceny. The reason is, that the terms, burglary, breaking and entering, and stealing, from their nature, imply that the crime designated thereby can only be committed upon the property of another.

The same form of expression, used in this section, has been used throughout the legislation of this state upon the subject of burglary or house-breaking. Thus the St. of 1784, *c.* 48, which was the first act passed upon the subject after the Revolution, and the St. of 1805, *c.* 101, which divided burglaries and house-breaking into various classes, do not describe the building as " the building of another." The same remark is true of most, if not all, the statutes upon this subject in the history of our legislation. St. 1804, *c.* 143, § 5. Rev. Sts. *c.* 126, §§ 9–15. St. 1839, *c.* 31. St. 1851, *c.* 156.

It is believed that the universal understanding has been, that in indictments under these various statutes it was necessary to allege the ownership of the building. We are not aware of any case in which this precise question has been directly adjudicated, because it has been the uniform practice of criminal pleaders to insert such allegations in indictments. But cases have occurred in which the court has passed upon the sufficiency of such allegations, and in which it was assumed both by the court and the counsel that such allegation was necessary. *Commonwealth* v. *Hamilton,* 15 Gray, 480. *Commonwealth* v. *Williams,* 2 Cush. 582.

In view of the legislation upon this subject, and the construction which has been given to it, we have no doubt that under the twelfth section it is necessary to prove, and therefore to allege,

that the building entered was the building of another person than the defendant. But the question has been, in principle, decided by this court. In *Commonwealth* v. *Hartnett*, 3 Gray, 450, it was held that a married woman could not be convicted of the aggravated offence of larceny in a building, if the building was owned by her husband. This decision was upon the ground that the St. of 1851, *c.* 156, § 4, did not extend to a stealing by one in his own house, nor to a stealing by a wife in her husband's house, which is the same as her own; and is conclusive as to the construction of § 15 of the chapter we are considering, which is a reënactment, without change of meaning, of the fourth section of *c.* 156 of the acts of 1851. The reasons which govern that case apply in this. The case has a direct application to the case at bar, in one respect. It shows that the defendants cannot be convicted of larceny in a building under the allegations of the indictment. We think in principle it applies equally to the allegations of breaking and entering, and that the same construction must be given to the twelfth section as it gives to the fifteenth.

For these reasons, we are of opinion that the indictment is fatally defective, and the motion to quash it should have been allowed. *Exceptions sustained.*