State vs. Moon.

STATE vs. MOON.

CRIMINAL LAW: EVIDENCE: CONSTITUTIONAL LAW.    *(1, 2) Best evidence of the corpus delicti, in larceny. (3) Putting accused twice in jeopardy.*

1. In prosecutions for larceny, if the owner of the property alleged to have been stolen is known, and his attendance as a witness can be procured, his testimony that the property was taken from him without his consent, is indispensable to a conviction.   *State v. Morey*, 2 Wis., 494.

2. In this case, the prosecution having failed to show any diligence to procure the attendance, as a witness, of the owner of the property alleged to have been stolen, and the secondary evidence of the fact, admitted by the court, being very weak and unsatisfactory, this court (to which the cause was certified after a verdict of guilty) advises the trial court that the evidence is insufficient to uphold the verdict.

3. Defendant, having been tried, and being entitled to an acquittal on the evidence, cannot again be put in jeopardy of punishment for the same offense (Const., art. I, sec. 8); and the trial court is therefore advised to arrest judgment and discharge him from custody.

CERTIFIED from the Circuit Court for *Buffalo* County. Information for a larceny.   The case is stated in the opinion.

*The Attorney General,* for the state, to the question discussed and determined by this court, cited *Rex v. Hazy and Collins,* 2 C. & P., 458; *Rex v. Allen,* 1 Moody, 154; *Plunket's Case,* 3 City Hall Rec., 137; *People v. Tilton,* 2 Wheeler's Cr. Cas., 251; *State v. Morey,* 2 Wis., 494; *Lowrence v. The State,* 4 Yerg., 145.

There was no argument here for the defendant.

LYON, J.   The defendant was indicted in the year 1871 for the larceny of a mare.   The larceny is alleged to have been committed in 1865.   In 1876, the defendant was tried and convicted.   The circuit judge certified the case to this court, pursuant to the statute (R. S., ch. 180, sec. 8); and one of the questions submitted for our determination is the following:

" Is the evidence given on the part of the prosecution, which tends to show that the mare was stolen in fact — that is, that she was taken against the owner's consent,— sufficient to support the verdict of guilty ? " In the view we have taken of the case, it is unnecessary to consider or state the other questions submitted.

The evidence given on the trial is returned here as a part of the judge's report; and it appears therefrom that the owner of the mare in question, one Farrington, in the spring of 1865 turned her out in the highway, and allowed her to run at large; that the mare was missing soon after, and the owner made search for her for a time, but failed to find her; that during the same spring, the defendant sold the mare to one Durisch, who kept her until 1869, and then sold her to one Paynborne; and that Paynborne had her until February, 1871, at which time Farrington brought an action of replevin for her, and prevailed in the action. The defendant lived about twelve miles from Farrington's residence at the time the mare was missing.

The defendant, and two other witnesses produced by him, testified that in the spring of 1865, Farrington came to the defendant's residence in search of a stray mare; that the mare in question, which had strayed on the defendant's premises a few days before, was pointed out to him, and he claimed her as his mare; and that thereupon the defendant purchased her of Farrington, and paid him the agreed price — the object of the purchase being to secure a match for another horse owned by the defendant.

Farrington was not produced as a witness. The evidence is, that at the time of the trial he still resided where he did when it is alleged he lost the mare; but that he went to Kansas some time during the preceding month, and had not returned when the trial took place.

The foregoing is all the testimony in the case showing, or tending to show, that the mare was taken without the consent

State vs. Moon.

of the owner, or that the attendance of the owner as a witness at the trial could not be procured.

In *State v. Morey*, 2 Wis., 494, it was held that in prosecutions for larceny, if the owner of the property alleged to have been stolen is known, and his attendance as a witness can be procured, his testimony that the property was taken from him without his consent is indispensable to a conviction. This is upon the principle that his testimony is the primary and best evidence that the property was taken without his consent, and hence, that secondary evidence of the fact cannot be resorted to, until the prosecution shows its inability, after due diligence, to procure the attendance of the owner.

If the property be taken from the immediate possession of an agent or bailee of the owner, probably the testimony of such agent or bailee showing nonconsent would answer the requirement of the rule. This, however, is not such a case.

In the present case, the secondary evidence of the nonconsent of the owner is very weak. The prosecution failed to prove that he made the slightest effort to find his mare after the time the defendant and his witnesses testify that he sold her to the defendant, until he replevied her from Paynborne, nearly six years afterwards; and the proof is, that during all that time she was kept and used within a few miles of the residence of the owner, and was frequently driven into his neighborhood, and sometimes past his residence.

Moreover, the prosecution has failed to show the slightest diligence to procure the attendance of the owner as a witness. It does not appear but that a simple request, either orally or by letter, would have secured his attendance. Had the case been continued for a term (and his absence after due diligence to secure his attendance would have been good cause for a continuance), it is quite probable that his attendance could have been procured. In short, it does not appear that the prosecution was unable to secure the attendance of the owner of the mare as a witness.

In view of the very weak and unsatisfactory character of the secondary testimony of the owner's nonconsent, this seems a very proper case for the application of the rule laid down by Chief Justice WHITON in *State v. Morey, supra.* And because it does not appear that the testimony of the owner could not have been obtained, we must hold that the secondary evidence that the mare was taken against the consent of the owner, if admissible at all, was entirely insufficient to uphold a verdict of guilty. See cases in Cowen & Hill's notes to Phillipps on Ev. (4th Am. ed., by Edmunds), 635. We therefore answer the above question in the negative.

The defendant has been tried for the offense charged in the indictment, and was entitled to an acquittal. To try him again would be to put him twice in jeopardy of punishment for the same offense, which would be a violation of a great constitutional right. Const., art. I, sec. 8. Hence, we advise the circuit court to arrest judgment and discharge the defendant.