### THE STATE OF KANSAS v. GEORGE FOCKLER.

BURGLARY; *Information, Not Sufficient.* A criminal information which charges the commission of burglary by the breaking and entering into a certain store-building in the night time with intent to steal, but which does not state or show who the owner of the building was, or whether it was owned or possessed by any person or not, is not sufficient.

#### Appeal from Osage District Court.

AT the April Term, 1879, of the district court, *George Fockler* was tried for the crime of burglary, found guilty thereof as charged, and sentenced accordingly. From such judgment he now appeals to this court.

*Henry B. Hughbanks,* for appellant.

*F. S. Singleton,* for The State.

The opinion of the court was delivered by

VALENTINE, J.: The only question demanding our attention in this case is, whether a criminal information is sufficient which charges burglary in a store building, but which does not state or show whether the building is owned or possessed by any person or not. The charge is as follows: -

On December 7, 1878, in Osage county, Kansas, the defendant "George Fockler did then and there unlawfully, feloniously, and in the night-time, break and enter a certain store situated on the north end of lot number five, in block number seventeen (17), in Witherell's addition to the town (now the city) of Osage City, in the county and state aforesaid, in which said store there was, at the time of said breaking and entering, kept and deposited a large amount of goods, wares and merchandise, and other valuable things, with the intent then and there to steal, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

This is all there is of the charge; and from it, who can tell who owned the "store," or who owned the "goods, wares and merchandise, and other valuable things," deposited there-

in ?   We think the name of the owner of the "store" should have been stated in the information.   We think the authorities are uniform in holding, that in burglary the name of the owner of the building must be given in the charge, if known, and if not known, then that fact must be set out.   See especially, *State v. Morrissey*, 22 Iowa, 158.   And our statutes have nowhere relieved the prosecution from setting out these things, or made the charge good without them.   On the contrary, the statutes expressly recognize the necessity for their being fully set out in the charge.   Section 106 of the criminal code provides, that "in an indictment or information for an offense committed in relation to property, it is sufficient to state the name of any one, or names of several or joint owners." (Gen. Stat. 838.)   And § 124 of the same code provides, that "when any offense shall be committed upon, or in relation to, any personal property belonging to several partners or owners, the indictment or information for such offense shall be deemed sufficient if it allege such property to belong to any one or more of such partners or owners, without naming all of them." (Gen. Stat. 840.)   In the present case, the offense was committed in relation to real estate, and the name of the owner of such real estate should have been given.

The judgment of the court below will be reversed, and cause remanded with the order that the defendant be delivered over to the jailer of Osage county, Kansas, there to abide the further orders of the district court of said county.

All the Justices concurring.