## JACKSON vs. THE STATE.

*September 23 — October 10, 1882.*

CRIMINAL LAW, etc.: BURGLARY. *(1–3) Name of owner of building entered to be stated and proved. (4) Punishment for larceny. (5) When accused entitled to discharge after reversal of conviction.*

1. In an information for burglary the name of the owner of the building entered must, if known, be explicitly stated, and must be proven as laid.
2. Evidence that a dwelling-house in which a burglary was committed is the "Drake House," is a "house kept by Mr. Drake," and that "Mr. Drake lives there," is insufficient to sustain a conviction under an information charging a burglarious entry of the dwelling-house of *William* Drake.
3. In such case, there is not a mere variance which can be remedied by amendment. If the Christian name of the owner of the dwelling-house were stricken out in order to make the pleading and proof correspond, the information would then be bad because it did not state the name of such owner with certainty to a common intent.
4. In such case, where the accused has been found guilty as charged in the information, a sentence of imprisonment for three years in the house of correction of Milwaukee county cannot be sustained under a count in the information charging larceny by stealing property not exceeding $100 in value. The limit of punishment for that offense is imprisonment for one year.
5. In such case the accused, having moved for a new trial after conviction, is not entitled on the reversal of the judgment of the court below to be discharged from custody. *State v. Moon,* 41 Wis., 684, and *State v. Parish,* 43 id., 395, distinguished.

ERROR to the Municipal Court of *Milwaukee* County. The case is sufficiently stated in the opinion.

For the plaintiff in error there was a brief by *A. C. Brazee*, his attorney, and *J. C. McKenney*, of counsel, and oral argument by *Mr. McKenney*. To the point that in burglary the name of the owner of the house entered must be stated and the ownership must ,be proved as laid, they cited: 3 Chitty Cr. Law, 1110; 1 id., 216, 217, 556; 1 Russ. on Cr., 807; 2 East P. C., 499; Arch. Cr. Pl., 11, 67; 2 Bish. Cr. Pro., sec. 109; 1 Whart. Cr. Law, sec. 256; 2 id., sec. 3110; *Carter v. State*, 20 Wis., 647; *Bell v. State*, id., 599. The punishment being different in the two counts of the information, the jury should have stated in their verdict under which count they found the prisoner guilty. *Nelson v. State*, 52 Wis., 534; *Carter v. State*, 20 id., 647. The defendant was entitled to an acquittal and should be discharged. *State v. Moon*, 41 Wis., 684; *State v. Parish*, 43 id., 395, 402; *People v. Barrett*, 2 Caines, 304; *Shepherd v. People*, 25 N. Y., 406, 425.

*The Attorney General*, for the state.

COLE, C. J. In the first count of the information it was charged that the plaintiff in error did, at the county of Milwaukee, with force and arms, in the night time, feloniously and burglariously break and enter the dwelling-house of *William* Drake, with intent then and there the money, goods, and property of William G. Roberts, in the dwelling-house being, feloniously to steal and carry away. In the second count he was charged generally with the felonious stealing of the goods described, being the property of William G. Roberts, of the value of $87. No objection is taken to either count of the information, therefore it need not be more specifically referred to. . On the trial witnesses testified that the dwelling-house in which the alleged crime was committed, to use their language, was the "Drake House;" was a "house kept by Mr. Drake;" and "that Mr. Drake lives there." But there was no evidence whatever that the building was

the dwelling-house of William Drake, as laid in the information. And it is now insisted by the learned counsel for the plaintiff in error that because of the failure of the prosecution to make that proof the municipal court should have granted the motion for a new trial. We are inclined to the opinion that this objection is well taken.

The authorities cited on the brief of counsel show that it is essential in charging the crime of burglary to state with reasonable certainty the owner of the building broken and entered; and that the fact should be proved as stated. See, also, *Comm. v. Perris*, 108 Mass., 3; *State v. Morrissey*, 22 Iowa, 158; *Davis v. State*, 54 Ala., 88. Mr. Archbold says there are a number of nice distinctions upon the subject of ownership, which formerly led to many acquittals, on grounds entirely beside the merits of the respective cases; but that these distinctions have been practically done away with by the power of amendment given courts in criminal proceedings by statute in England. 1 Archb. Crim. Pr. & Pl., 100; 2 id., 336. Similar statutes have been adopted by some of the states; especially by this, as will be seen on examination of our criminal code. And the attorney general argued that the objection that the building entered was not shown to be that of William Drake, should now be disregarded, because, he says, it would have been competent for the municipal court, had its attention been called to the matter, to have forthwith allowed an amendment as to the ownership of the building, under sec. 4703, R. S., as in ordinary cases of variance. It is true, this section gives courts in criminal proceedings a very broad power of amendment, so as to avoid the consequences resulting from a variance between the statement in an indictment or information and proof. But it is quite plain that the real difficulty in this case is not reached by that section, because there was no variance, strictly speaking, but the proof did not go far enough to show that the dwelling was that of William Drake. The evidence on this

Jackson vs. The State.

point of ownership was consistent with the information, as far as it went. It was, however, suggested by the attorney general, that the Christian name might have been stricken out, so as to make the allegation in the information correspond with the proof. But it seems to us that in that case the information would have been bad because it did not state with certainty to a common intent the owner of the dwelling, which is necessary in charging the offense. See authorities, *supra*. There might have been several persons in the county of Milwaukee by the name of Drake, and to whom the general statement in that case would apply. It is clearly not a case where the owner of the dwelling is unknown. The owner was known, and doubtless the fact of ownership could have been proven as laid. It was simply an omission to make the proper proof of ownership, and the question is, does not this defect vitiate the conviction? It seems to us it does. The name of the owner of the building entered should be explicitly stated, if known, and proven as laid. It is a material fact which the accused has the right to insist upon being alleged and proven, to the end that if convicted he may plead such conviction to a second charge for the same offense. This rule of criminal pleading is too familiar and elementary to require the citation of authorities to sustain it.

The jury, by their verdict, found the plaintiff in error guilty as charged in the information. The court sentenced him to three years imprisonment at hard labor in the house of correction of Milwaukee county. The question arose in our consultation whether this sentence could be sustained under the second count, which, as we have said, was for larceny generally. But it is very plain it cannot be, because larceny by stealing the property of another, where the value thereof does not exceed $100 and does exceed $20, is punishable by imprisonment in the county jail not more than one year nor less than six months. Sec. 4415, R. S. Persons convicted in

the municipal court of Milwaukee, who would otherwise be sentenced to be imprisoned at hard labor in the state prison for a term less than life, or in the county jail, may be sentenced to imprisonment at hard labor in the house of correction. Sec. 2514, R. S. The value of the property stolen, as stated in the information, was less than $100, consequently the sentence cannot be sustained under the second count. It seems unnecessary to notice the other questions discussed by counsel. The suggestion was made by the counsel for the plaintiff in error that his client was entitled to be discharged. We see no ground for so holding. He moved for a new trial in the court below and has obtained it here. Had the evidence shown that William Drake was the owner of the dwelling-house, unquestionably a case would have been made for the consideration of the jury. It is not like the case of *State v. Moon,* 41 Wis., 684, and *State v. Parish,* 43 Wis., 395, referred to by counsel.

It follows from these views that the judgment of the municipal court must be reversed, and the cause remanded for a new trial. The sheriff of Milwaukee county will take and hold the prisoner in custody for further proceedings according to law.

*By the Court.*— So ordered.