WILLIAM PELLS, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. An indictment charging that the accused broke and entered, with intent to commit a felony, "a certain building, to wit: the Main Exhibition Building of the Middle Florida Agricultural and Mechanical Fair Association," is fatally defective in not alleging that the building is the property of a corporation or persons.

2. The rule is well settled, that the ownership of the building so burglariously entered must be alleged in the indictment.

Writ of Error to the Circuit Court for Leon county.

This case was heard before Judge Vann, of the Third Circuit, presiding in Leon county. The other facts are stated in the opinion.

*R. B. Hilton, John W. Mitchell* and *John S. Beard*, for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

In November, 1882, the grand jury of Leon county found an indictment against William Pells, charging that he, on the twelfth day of January, A. D. 1881, " with force and arms at, and in the county of Leon aforesaid, a certain building, to wit: the Main Exhibition Building of the Middle Florida Agricultural and Mechanical Fair Association, there situated, in the night time of said day, to wit : at about the hour of nine o'clock at night, feloniously and burglariously did break and enter with intent to commit a felony, to wit: to steal, take and carry away goods and chattels of the value of more than twenty dollars," &c., &c. The defendant was tried and found guilty. He moved for a new trial upon several grounds, among which was, that : " There was no evidence before the jury to show the ownership of the building into which the breaking and entry are alleged to have been made. It was not shown to have been the property of any individual or individuals or of any corporation, and was conceded by the State Attorney not to have been the property of a corporation but of the people living all over Middle Florida." The motion was denied and the defendant duly excepted.

The defendant by his counsel then made a motion in arrest of judgment on several grounds, the only ones of which it is necessary to consider are similar to the one above noted in the motion for a new trial, viz :

" That the said indictment does not allege the ownership

of said building, and does not set forth the name of any owner or owners thereof."

" That said indictment does not allege the ownership of said building to have been in any corporation."

The motion in arrest of judgment was denied and the defendant brings his writ of error.

The indictment is bad, and the motion in arrest of judgment should have been granted. It contains but a single count, in which the building is described as " The Main Exhibition Building of the Middle Florida Agricultural and Mechanical Fair Association." The ownership of the property is defectively stated. There is no allegation that such Association is incorporated. If it belonged to an unincorporated Association, the individuals comprising such Association are the owners, and their several names should have appeared in the indictment as such owners. If the ownership of the property is not stated, *non constat* but that the building was the property of the defendant, or that he was part owner as one of the Association. The rule is well settled that the ownership of the building so burglariously entered must be alleged. " The name of the owner of the dwelling house or of the building which was broken and entered must be stated with accuracy." Heard's Criminal Law, 436 ; 1 Bishop on Crim. Proc., §583 ; 1 Wharton Crim. L., §816 ; Beale vs. The State, 53 Ala., 460 ; State of Kansas vs. Fockler, 22 Kan., 542 ; State vs. Morrissey, 22 Iowa, 158 ; Wallace vs. State of Illinois, 63 Ill., 451 ; Jackson vs. The State, 55 Wis., 589 ; Com. vs. Perris, 108 Mass., 1.

The indictment in this case is fatally defective and the judgment is arrested and the defendant ordered to be discharged from imprisonment on the indictment, judgment and sentence herein.