State v. Davis.

---

THE STATE v. DAVIS, *Appellant.*

Division Two, March 10, 1897.

1. **Criminal Law**: BURGLARY FROM A RAILROAD CAR: INDICTMENT By the common law burglary was confined to breaking into the dwelling house or mansion house of another, and the ownership of the house must have been charged. But the statutes have greatly enlarged upon the common law, and now it is made burglary to feloniously break into almost every kind of structure used by man; but the rules of pleading have not been relaxed, and, although section 3526, Revised Statutes of 1889, does not use the words "of another," as does the statute concerning burglary of a dwelling house, yet it is still necessary, in cases of burglary from a railroad car, for the indictment to allege ownership of the car.

2. ———: ———: ———: ———. The authorities are uniform in holding that in an indictment for burglary the name of the owner of the building must be charged, if known; and if not known, then that fact must be set out.

3. ———: ———: ———: PROOF. It is necessary to prove, and therefore to allege, that the car broken into is the property of another.

*Appeal from Vernon Circuit Court.*—HON. D. P. STRATTON, Judge.

REVERSED AND REMANDED.

State v. Davis.

*E. E. Davis* and *Douglas Wright* for appellant.

An indictment for burglary must allege ownership of the building alleged to have been broken into and entered. *Commonwealth v. Perris*, 108 Mass. 1; 2 Russell on Crimes [6 Ed.], p. 44; Whart. Crim. Law [9 Ed.], sec. 816.

*Edward C. Crow*, Attorney-General, and *Sam B· Jeffries*, Assistant Attorney-General, for the State.

(1) This being purely a statutory offense, the charge of ownership in the indictment is unnecessary. The only reason given for the necessity of such charge is based upon the theory that a man can not be held to commit burglary in his own dwelling house, as it is especially stated in the law that it must be done in the dwelling house "of another." (See authorities cited by appellant.) (2) Where a statute upon the subject of burglary eliminates the words "of another," as in this case, the necessity of the charge of ownership becomes obviated. (3) If the question of ownership constituted a defense for appellant, he could take advantage of it during the trial. (4) If the language of the statute is followed in describing offenses of this character, it will be sufficient.

BURGESS, J.—At the April term, 1896, of the circuit court of Vernon county the defendant was indicted by the grand jury of said county and charged with burglary in the second degree by breaking into a "railroad freight box car," and stealing therefrom three bottles of whiskey. The indictment leaving off the formal parts is as follows:

"The grand jurors for the State of Missouri, impaneled, sworn, and charged to inquire within and for

the body of the county of Vernon, and State of Missouri, upon their oath present and charge that Frederick Davis, on or about twenty-seventh day of April, 1896, at the county of Vernon, and State of Missouri, did then and there feloniously and burglariously break into and enter a certain railroad car there situate, by then and there forcibly breaking the seal and drawing out the bolt which held the door of said car, the same being a freight box railroad car in which divers goods, merchandise, and other valuable things were then and there kept and deposited, with intent the goods, merchandise, chattels, and other valuable things in said railroad box car then and there being, then and there feloniously and burglariously to steal, take, and carry away, and three bottles of Gunckheimer rye whiskey, of the value of two and 75-100 dollars, of the personal property, goods, and chattels of one Peter Fischback, then and there in the said freight box railroad car being found, did then and there feloniously and burglariously steal, take, and carry away, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Missouri.''

Thereafter at the same term of said court defendant demurred to said indictment upon the ground that it does not state facts sufficient to constitute any offense against the laws of this State.

The demurrer was overruled.

The defendant was then put upon his trial before a jury, found guilty and his punishment fixed at imprisonment in the penitentiary for three years. He then filed his motion in arrest, which being overruled he appealed, and brings the case here for review.

The indictment is drawn under section 3526, Revised Statutes 1889, by which it is made a felony for

any person to break into "any railroad car, in which there shall be at the time some human being, or any goods, wares, merchandise or other valuable thing kept or deposited, with intent to steal or commit any felony therein." It is insisted by defendant, that the indictment is defective in that it does not allege ownership of the car broken into.

At common law the breaking, to constitute burglary, was confined to a dwelling house or mansion house of another, and it was necessary to charge ownership in the building in some person other than the defendant, because no one could be guilty of burglary by breaking into his own house. Wharton, Am. Crim. Law [9 Ed.], sec. 816. But our statute has greatly enlarged upon the common law, and under it, it is made burglary to feloniously break into almost every kind of structure used by man, including railroad cars, for the purpose of stealing any goods or valuable thing deposited therein.

The rule of pleading however has not been changed, and it is as necessary to allege ownership in the one case as in the other. There exists no apparent reason why it should not be so. It is true that the statute which makes it burglary to break into a dwelling house, uses the words "of another," while the section of the statute making it burglary to break into a "railroad car," does not, but this does not obviate the necessity of alleging ownership in the latter case. For aught that appears from the indictment defendant may have been the owner of the car broken into. There is no allegation in the indictment that he was not.

We think the authorities are uniform in holding that in an indictment for burglary the name of the owner of the building must be charged, if known, and if not known, then that fact must be set out. *The State v. Morrissey,* 22 Iowa, 158; *State v. Fockler,* 22 Kan. 542;

*Pells v. The State*, 20 Fla. 774;   *Jackson v. State*, 55 Wis. 589.

In *Commonwealth v. Perris*, 108 Mass. 1, defendant was indicted for burglarizing a building known as Warren Block.   The indictment alleged that the defendants: "On the twenty-fifth day of October in the year eighteen hundred and seventy, in the nighttime of said day, at Grafton in said county, the building known as Warren Block, there situate, did break and enter, with intent the money, goods and chattels in the same building then and there being, then and there to steal, take and carry away."   It nowhere alleged the ownership of the building.

"The statute upon which the indictment was founded provides that, 'whoever breaks and enters, in the nighttime, a building, ship or vessel, with intent to commit the crime of murder, rape, robbery, larceny, or any other felony, shall be punished by imprisonment in the state prison not exceeding twenty years.' "   The court said:   "It is true this section does not use the words, 'the building of another,' and it is seen, upon an examination of the whole chapter, that this form of expression is not used in any of those sections which provide for the various grades of burglary or housebreaking, nor in most of those providing for the different degrees of larceny.   The reason is, that the terms, burglary, breaking and entering, and stealing, from their nature, imply that the crime designated thereby can only be committed upon the property of another."

It was necessary to prove, and therefore to allege that the car entered was the car of another, and as the indictment failed to so allege it is fatally defective.

The judgment is reversed and the cause remanded. All concur.