[No. 4793.]

## JONES ET AL. V. THE PEOPLE.

**Evidence—Larceny.**

In a prosecution for larceny, where the presence of the owner from whom the property was taken cannot be procured as a witness, the fact of the taking and that it was taken without the consent of the owner, may be proven by other witnesses.

*Error to the District Court of Pueblo County:*
*Hon. John H. Voorhees, Judge.*

Mr. WM. MITCHELL and Mr. C. S. ESSEX, for plaintiffs in error.

Mr. N. C. MILLER, attorney general, and Mr. I. B. MELVILLE, for the people.

Mr. JUSTICE STEELE delivered the opinion of the court.

The defendants were convicted on the third count of an information charging them with larceny from the person of John Sekerak, and were sentenced to a term in the penitentiary. They bring the case here to review the judgment of conviction, and allege that several errors prejudicial to them occurred at the trial. The assignments relied upon by the plaintiffs in error are the alleged error of the court in not discharging the defendants at the close of the testimony for the state, and the alleged error of the court in receiving testimony concerning the commission of the offense; the contention being that the state failed to prove from whom the property had been stolen and that other evidence than that of the owner is not admissible to prove non-consent, until the absence of the owner is satisfactorily accounted for. We are of opinion that the state proved that the property was taken from the person named in the information. One witness testified that such was his name, and although the man appears to have told

11

different stories concerning himself, he did state to the witness Perbula that his name was Sekerak. At the time of the trial Sekerak was not present, and witnesses were permitted to testify over the objection of the defendants to the fact that money had been taken from him. It is held in Wisconsin, *State v. Morey*, 2 Wis. 494; *State v. Moon*, 41 Wis. 684, that in prosecutions for larceny, if the owner of the property alleged to have been stolen is known, and his attendance as a witness can be procured, his testimony that the property was taken from him without his consent is indispensable to a conviction. If we assume this to be an accurate statement of the law, it was met by the testimony of the witness Brown, who said that he had spent some time trying to find the man who claimed to have been robbed, that he had gone to Colorado Springs, where he was last seen, several times, and had been unable to locate him. That he had written letters and telegrams, but had been unable to find any trace of him. The testimony showed that Sekerak was drunk, and that while he was standing in the vestibule of a chair car attached to a train ready to leave Pueblo, the defendants took money from his pocket; that Sekerak charged the defendants with having robbed him, and that while at Colorado Springs, a few hours after the commission of the offense, he identified the defendant Jones as one of the men who had taken his money.

There being no error in the record, the judgment should be, and it is, affirmed.    *Affirmed.*