ELIJAH DAVIS, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1. Where an indictment for feloniously and burglariously breaking and entering a building contains no allegation as to the ownership of the building, the indictment is fatally defective; and a motion to quash it should be sustained.

2.  An indictment which charges that the accused feloniously
    and burglariously did break and enter, &c. "that certain
    building commonly known as and called the store house
    of one B. F. Pope," and contains no allegation as to the
    ownership of the building, is fatally defective; and a mo-
    tion to quash the indictment should be sustained since the
    quoted words are merely descriptive of the building and
    are not an allegation as to the ownership of the building.

This case was decided by Division A.

Writ of   Error to   the Circuit Court   for   Calhoun
County.

The facts in the case are stated in the opinion of the
Court.

*Price & Watson*, for Plaintiff in Error.

*W. H. Ellis*, Attorney-General, for the State.

WHITFIELD, J.   An indictment was presented by   the
grand jury in the Circuit Court   for   Calhoun   county
charging in a single count that Elijah Davis, on Septem-
ber 11, 1904, "with force and arms, at and in the county
aforesaid, a certain building, to-wit: that certain build-
ing commonly known as and called the store house of
one B. F. Pope there situate, feloniously and   burglar-
iously did break and enter, with the intent   then   and
there to commit the crime of larceny," &c.

A motion to quash the indictment was denied.

The defendant was convicted, and on writ of error here
assigns as error the denying of the motion to quash the
indictment.

In the case of Pells v. State, 20 Fla. 774, where it   is

charged that the accused feloniously and burglariously did break and enter, &c., "a certain building, to-wit: the main exhibition building of the Middle Florida Agricultural and Mechanical Fair Association" this court said: "The indictment is bad.  *  *  *  The ownership of the property is defectively stated.  *  *  *  If the ownership of the property is not stated, *non constat* but that the building was the property of the defendant.  *  *  * The rule is well settled that the ownership of the building so burglariously entered must be alleged.  The name of the owner of the  *  *  *  building which was broken and entered must be stated with accuracy."  Heard's Criminal Law, 436; 3 Ency. Pl. & Pr. 757.

In the Pells case the indictment was held to be fatally defective because the allegation as to the  ownership of the building did not sufficiently designate the owner.  In this case there is no allegation as to the ownership of the property; the words used being merely descriptive of the building which it is charged the  accused  "feloniously and burglariously did break and enter," &c.

The reasons for requiring the ownership of the building, the defendant is charged with feloniously and burglariously breaking and entering, to be alleged in the indictments are, (1) For the purpose of showing on the record that the building alleged to have been broken into was not the property of the accused inasmuch as one cannot commit the offense of breaking and entering his own building; (2) For the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense.  State v. Trapp, 17 S. C. 467, S. C. 43 Amer. Rep. 614; 6 Cyc. 210.

Where an indictment for feloniously and burglariously breaking and entering a building contains no allegation

as to the ownership of the building, the indictment is fatally defective and a motion to quash it should be sustained. See Commonwealth v. Perris, 108 Mass. 1.

An indictment which charges that the accused feloniously and burglariously did break and enter, &c., "that certain building commonly· known as and called the store house of one B. F. Pope," and contains no allegation as to the ownership of the building, is fatally defective; and a motion to quash the indictment should be sustained, since the quoted words are merely descriptive of the building and are not an allegation as to the ownership of the building. See State v. Hupp, 31 W. Va. 355.

There is nothing in the cases of Tilly v. State, 21 Fla. 242, Leslie v. State, 35 Fla. 171, 17 South. Rep. 555, Rimes v. State, 36 Fla. 90, 18 South. Rep. 114, Charles v. State, 36 Fla. 691, 18 South. Rep. 369, Crosky v. State, 46 Fla. 122, 35 South. Rep. 153, in conflict with the rules here announced, since in every one of such cases there was an allegation of ownership of the building.

The indictment being fatally defective the judgment is reversed and the cause is remanded with directions to quash the indictment, the costs to be taxed against Calhoun county.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.