ELIJAH DAVIS, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

1. Where an indictment for feloniously and burglariously breaking and entering a building contains an allegation that such building was "the store house of the property of one B. F. Pope," it is a sufficient allegation as to the ownership of the building, and a motion to quash the indictment on such ground is properly overruled.

2. The trial court is authorized to regulate the or. er of the introduction of evidence, and its discretion in this matter will be interfered with by an appellate court only when clearly abused.

3. Excluded evidence should be set forth, in order that an appellate court can determine whether or not it was properly excluded. Where the only showing made is that, at the close of the state's evidence in rebuttal, "thereupon the defendant to further maintain the issues in his behalf, in rebuttal offered himself as a witness," such offer is so general that an appellate court cannot say that any error was committed by the trial court in the refusal of such offer.

4.  In a criminal prosecution no error is committed by the trial court in refusing to permit the defendant to testify in rebuttal of the testimony of a state witness when it is clearly made to appear that such excluded evidence, instead of rebutting the testimony of such state witness, tallied with and corroborated it.

5.  Where a charge or an instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if subsequent instructions are given containing the required qualifications or exceptions. It is not required that a single charge or instruction should contain all the law relating to the particular subject treated therein.

6.  In determining the correctness of charges and instructions, they should be considered as a whole; and if, as a whole, they are free from error, an assignment prepredicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail.

7.  In passing upon a single instruction or charge, it should be considered in connection with all the other instructions and charges bearing on the same subject; and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury.

This case was decided by Division A.

Writ of Error to the Circuit Court for Calhoun County.

The facts in the case are stated in the opinion of the court.

*Price & Watson,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

SHACKLEFORD, C. J.—Elijah Davis was indicted for the crime of breaking and entering a "certain building, to-wit: the store house of the property of one B. F. Pope," with intent to commit larceny. He was tried, convicted and sentenced to imprisonment in the state prison for the period of one year. From this judgment he seeks relief here by writ of error, returnable to the present term.

This is the second time this case has been here. See Davis v. State, 51 Fla. 37, 40 South. Rep. 179.

The first assignment is based upon the overruling of the motion to quash the indictment, and in support thereof, Davis v. State, *supra,* and Pells v. State, 20 Fla. 774, are relied upon. This position is untenable, as the ownership of the building is sufficiently alleged in the indictment, as a reading of the former opinion rendered in the case will clearly show. Also see authorities cited in Vol. 8, Century Digest, Burglary, Sections 54 and 56 inclusive.

The second assignment is that "the court erred in refusing to permit the defendant to testify in rebuttal of the testimony of Lucinda Martin as he offered to do."

The third assignment is that "the court erred in refusing to permit the defendant to offer evidence in rebuttal of new matter brought out by the state in its rebuttal testimony."

The third assignment is predicated on the denial by the judge of the following offer of the defendant at the close of the state's evidence in rebuttal: "Thereupon the defendant to further maintain the issue in his behalf, in rebuttal offered himself as a witness."

This offer was too general and does not show any testimony that was proposed to be deposed by the defendant, so that this court cannot say whether the ruling was proper or not. Excluded evidence should be set forth in order that an appellate court can determine

whether or not it was properly excluded. The second assignment of error does state the facts that the proffered witness proposed to depose in rebuttal of a state's witness, but the court committed no error in its exclusion, because we find that the defendant's excluded evidence was not in rebuttal of the evidence of the said state's witness that it was offered for the purpose of rebutting, but instead tallied with the evidence of such state's witness and fully corroborated it.

The fourth assignment is based upon the following charge given by the court: "The burden is on the state to prove all the elements necessary to constitute the offense, that is the breaking and entering the building by the defendant with intent to steal therefrom property of the value of less than twenty dollars."

It is contended by the defendant that this charge is erroneous because it was incumbent upon the trial court, having mentioned or enumerated some of the elements constituting the offense with which the defendant stood charged, to mention all of such elements, and the maxim, *expressio unius est exclusio alterius*, is invoked. It is a sufficient reply to this contention to say that where a charge or instruction, as far as it goes, states a correct proposition of law, but is defective because it fails to qualify or explain the proposition it lays down in consonance with the facts of the case, such defect is cured if subsequent instructions are given containing the required qualifications or exceptions. It is not required that a single charge or instruction should contain all the law relating to the particular subject treated therein. In determining the correctness of charges and instructions, they should be considered as a whole, and, if as a whole they are free from error, an assignment predicated on isolated paragraphs or portions, which, standing alone, might be misleading, must fail. In passing upon a single instruction or charge,

it should be considered in connection with all the other instructions and charges bearing on the same subject; and if, when thus considered, the law appears to have been fairly presented to the jury, an assignment predicated upon the giving of such instruction or charge must fail, unless under all the peculiar circumstances of the case the court is of the opinion that such instruction or charge was calculated to confuse, mislead or prejudice the jury. Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 South. Rep. 318 and authorities therein cited. Assuming that defendant is right in his contention that the charge complained of was defective in that it omitted to instruct the jury that it was incumbent upon the state to prove the ownership of the building as laid in the indictment, this omission was called to the attention of the court by the defendant through his attorneys in the first and second instructions requested by him, which were given by the court and which are as follows:

"1. The court charges you, that if you should believe from the evidence beyond a reasonable doubt that either the defendant or another person broke and entered the store building of B. F. Pope, with intent to steal goods in such building of a value less than twenty dollars, but you have a reasonable doubt which of the two if either, did it, you should find the defendant not guilty.

2. The court charges you, that if you should believe from the evidence, beyond a reasonable doubt, that the store building of B. F. Pope was broken and entered, but you should have a reasonable doubt, whether the defendant was present, at the time of such breaking and entering, you will find the defendant not guilty.

The fifth, sixth and seventh assignments are as follows:

"5. The court erred in charging the jury as follows:

'The burden of establishing an alibi is on the defendant and the evidence introduced to sustain it should outweigh the evidence of the state tending to show that the defendant participated in the crime charged.'

"6.   The court erred in charging the jury as follows:

'The burden of establishing an alibi is on the defendant and the evidence introduced to sustain it should outweigh the evidence of the state tending to show that the defendant participated in the crime charged, but he is not bound to establish this defense beyond a reasonable doubt.'

"7.   The court erred in charging the jury as follows:

'If in view of all the evidence you have a reasonable doubt as to whether the defendant was at another place from where the crime was committed at the time of its commission, then you should acquit him, but if you believe from the evidence that the defendant was not so far away from the place when the offense was committed, but that he could with ordinary exertion have reached the place where the offense was committed, then you will consider that fact as a circumstance tending to prove or disprove the alibi.' "

All of the charges upon which these assignments are predicated form portions or paragraphs of the following charge given by the court:

"One of the defenses interposed by the defendant in this case is an alibi, that is, that the defendant was at another place at the identical time the crime was committed, if committed at all.   The burden of establishing an alibi is on the defendant and the evidence introduced to sustain it, should outweigh the evidence of the state, tending to show that the defendant participated in the crime charged, but he is not bound to establish this defense beyond a reasonable doubt.   If in view of all the evidence you have a reasonable doubt as to whether the defendant was at another place from where

the crime was committed, at the time of its commission, then you should acquit him. But, if you believe from the evidence, that the defendant was not so far away from the place, where the offense was committed but that he could with ordinary exertion have reached the place where the offense was committed, then you will consider that fact as a circumstance tending to prove or disprove the alibi."

This charge considered as an entirety, and especially in connection with the second instruction given at the request of the defendant, is free from the errors of which complaint is made. What we have already said in disposing of the fourth assignment applies with equal force to these assignments.

We have considered all the assignments urged before us, and, finding no reversible error, the judgment must be affirmed, and it is so ordered, at the cost of Calhoun county.

COCKRELL and WHITFIELD, JJ., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.