DANIEL BURNES, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed June 5, 1925.

1. The following endorsement, "H. B. Knapp. A True Bill. Foreman of the Grand Jury," is sufficient where the record discloses that H. B. Knapp was the foreman of the grand jury.

2. Before arraignment upon an indictment charging defendants with breaking and entering a building with intent to commit a

misdemeanor, defendants entered a plea of *autrefois acquit*, alleging that previously thereto they had been put on trial upon an indictment purporting to charge the same offense, but, after arraignment, empannelling of a jury and taking evidence on behalf of the State, it was discovered that the indictment was fatally defective in that there was an omission to allege ownership of the building broken and entered, whereupon the court ordered a mistrial. Demurrer to this plea was sustained. *Held*: No error, since legal jeopardy does not attach until one is placed on trial in a court of competent jurisdiction upon an indictment sufficient in form and substance to sustain a judgment of conviction and a jury has been duly empannelled to try and determine the issue made by plea thereto.

3. An indictment charging the breaking and entering of a building with intent to commit a misdemeanor, which contains no allegation of the ownership of the building, is fatally defective, and a motion in arrest of judgment thereon will be granted.

4. An allegation in an indictment that a building broken and entered with intent to commit a misdemeanor is the property of the estate of a person deceased amounts to an omission to allege ownership of the building and is insufficient.

5. Where a prior indictment upon which defendants were put on trial was so defective in form or substance that a valid judgment of conviction could not be entered upon it, there was no legal jeopardy.

A Writ of Error to the Circuit Court for Jackson County, Amos Lewis, Judge.

Affirmed.

*Carter & Solomon*, for Plaintiff in Error;

*Rivers Buford*, Attorney General, and *J. B. Gaines*, Assistant, for the State.

WEST, C. J.—The indictment in this case charges I. W. Berry and Daniel Burnes with breaking and entering a building. There was a verdict of guilty as charged and judgment accordingly.  . Writ of error was taken by Daniel Burnes to review the judgment.

There are two assignments of error.  The first presents the question of the alleged insufficient endorsement on the back of the indictment.  So far as is necessary to present the question, the endorsement is as follows: "Indictment for Breaking and Entering.  H. B. Knapp.  A True Bill.  Foreman of the Grand Jury."

The statute requires indictments to be signed by the prosecuting attorney "and endorsed on the back by the foreman of the grand jury, when so found 'a true bill' * * and signed by him."  Sec. 6062, Rev. Gen. Stat.

The contention in effect is that since the words "A True Bill" are interposed between the name of the foreman and the words "Foreman of the Grand Jury," the endorsement is defective.  While not in the precise order usually occurring, this is not such a defect as to vitiate the indictment.  The record discloses that H. B. Knapp was the foreman of the grand jury which returned the indictment.  Considering the endorsement in connection with the record, it contains all that the statute requires. State v. Bowman, 103 Ind. 69, 2 N. E. Rep. 289; Whiting v. State, 48 Ohio St. 220, 27 N. E. Rep. 96.

The other assignment, though apparantly involving a more serious question, is demonstratively not well taken.

Before arraignment defendants . interposed a plea of **autrefois acquit** by which it is alleged in substance that . they had previously thereto been put to trial upon an indictment purporting to charge the same offense as that charged in the present indictment, but after arraignment and the empanelling of a jury to try the issue made and

the taking of evidence on behalf of the State, it was discovered by the court that the indictment was defective in that the ownership of the building alleged to have been broken and entered by defendants was not alleged; whereupon the court, over objections of defendants, ordered a mistrial; wherefore, defendants having been once in jeopardy for said offense are not subject to further prosecution thereon and should be discharged. A demurrer to this plea was sustained.

In the former indictment the allegation, according to the plea, of ownership of the building broken and entered, is that it is the property ''of the estate of Charles Lanier, deceased.''

Ownership of the building broken and entered is a material ingredient of the offense of breaking and entering, and an indictment which contains no allegation of ownership of the building is fatally defective and judgment thereon will upon motion be arrested. Vicente v. State, 66 Fla. 197, 63 South. Rep. 423; Davis v. State, 51 Fla. 37, 40 South. Rep. 179; Pells v. State, 20 Fla. 774. And an allegation that a building broken and entered is the property of the estate of a person deceased is insufficient. It amounts to an omission to allege ownership, since title to property ceases at death and vests in the heirs or representatives of the owner. State v. Hammons, 226 Mo. 604, 126 S. W. Rep. 422; State v. Horned, 178 Mo. 59, 76 S. W. Rep. 953; Beall v. State, 53 Ala. 460.

Legal jeopardy attaches when one is placed on trial in a court of competent jurisdiction upon an indictment sufficient in form and substance to sustain a judgment of conviction and a jury has been duly empaneled to try and determine the issue. 16 C. J. 236; Allen v. State, 52 Fla. 1, 41 South. Rep. 593; 120 Am. St. Rep. 188; Dulin v. Commonwealth, 91 Va. 718, 20 S. E. Rep. 821; State v. McWilliams, 267 Mo. 437, 184 S. W. Rep. 96; Steinhuhler v.

498        SUPREME COURT OF FLORIDA.

Dekle et al. v. Spl. Rd. & Bridge Disct. No. 1 Jackson Co.—Decision of Ct.

State, 77 Neb. 331, 109 N. W. Rep. 395; Loyd v. State, 6 Okla. Cr. 76, 116 Pac. Rep. 959. If a prior indictment was so defective in form or substance that a valid judgment of conviction could not be entered on it, there could have been no legal jeopardy. 1 Bishop's New Crim. Law, §1020; 16 C. J. 241; Black v. State, 36 Ga. 447, 91 Am. Dec. 772; Kohlheimer v. State, 39 Miss. 548, 77 Am. Dec. 689; State v. Ward, 48 Ark. 36, 3 Am. St. Rep. 213; People v. Ammerman, 118 Cal. 23, 50 Pac. Rep. 15; Bennett v. Commonwealth, 150 Ky. 604, 15 S. W. Rep. 806.

The former indictment in this case having been fatally defective in failing to allege ownership of the building broken and entered, a judgment of conviction upon it, would have been arrested. Therefore, there was no jeopardy. So this assignment cannot be sustained.

No error having been made to appear, the judgment is affirmed.

Affirmed.

WHITFIELD, ELLIS AND TERRELL, J. J., concur.