HENRY POTTER AND LEOLA POTTER, *Plaintiffs in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Division B.

Opinion Filed May 17, 1926.

*Carter & Solomon,* for Plaintiffs in Error;

*J. B. Johnson,* Attorney General, and *H. E. Carter,* Assistant, for the State.

LOVE, Circuit Judge.—Plaintiffs in error, hereinafter referred to as defendants, were tried and convicted in the Circuit Court of Calhoun County upon an indictment charging them with breaking and entering a dwelling house, with intent to commit grand larceny, and from the judgment entered against them they have sued out a writ of error to this court.

The indictment upon which defendants were convicted, on September 29th, 1925, in substance charges that the defendants on the 3rd day of September, 1924, in Calhoun County "did unlawfully, feloniously break and enter a certain dwelling house, located about three miles south of Scott's Ferry, said dwelling house being then and there occupied by Tom Brown, with intent to commit a felony, to-wit: grand larceny, by then and there stealing, taking and

carrying away the goods and chattels of the said Tom Brown, of a greater value than fifty dollars.''

To this indictment the defendants entered a plea of *autrefois acquit,* in which they allege that they and each of them have heretofore been tried and acquitted of the identical offense charged in the said indictment because of the following facts, to-wit: An indictment was returned in the Circuit Court for Calhoun County on April 28, 1925, at the regular spring term of said court, at which the judge of said court was present and presiding, charging that Henry Potter and Leola Potter, of the County of Calhoun and State of Florida, on the 15th day of November, 1924, in the said county of Calhoun did ''unlawfully, feloniously break and enter, a certain dwelling house, located near Scott's Ferry, Calhoun County, Florida, to-wit: a certain dwelling house occupied by Tom Brown, the property of the Marysville Naval Stores Company, a corporation, with intent then and there to commit a felony, to-wit: grand larceny, by stealing, taking and carrying away the goods and chattels of the said Tom Brown, of a greater value than fifty dollars,'' said indictment with all endorsements thereon being set out in said plea in *haec verba.* Further it is alleged in said plea, that on the same day the defendants were duly arraigned in open court, and each plead not guilty to said indictment; that the said court had jurisdiction to try and determine the guilt or innocence of the defendants of the offense so charged; that at said term of said court, on May 1st, 1925, the defendants were duly tried upon said indictment and by the verdict of the trial jury found not guilty, which verdict was duly received and filed in said court on the same day; that these defendants are the identical persons named in both of said indictments; that the offense charged in both indictments is one and the same, although alleged in said indictments to have occurred

on different days; that the breaking and entering alleged in both of said indictments is one and the same; that the building mentioned in both of said indictments is one and the same and that the said defendants have been acquitted of the offense charged in the indictment returned in said court on April 28, 1925.

To this special plea at bar, the State demurred on three grounds, viz:

"1st. That said plea is vague, indefinite and insufficient.

2nd. That said plea fails to set forth and allege such a statement of facts as would constitute a bar to the further prosecution of this cause.

3rd. That the exhibit attached to said plea does not show to be one and the same crime of which defendants stands charged in this cause."

This demurrer was sustained by the lower court, and thereupon, after pleading not guilty to said last indictment, the defendants were placed on trial and by the verdict of the trial jury found to be guilty.

A motion in arrest of judgment was then made by defendants, on the following grounds, viz:

"1st. Because the indictment fails to charge the defendants or either of them with any offense or crime against the laws of the State of Florida.

2nd. Because the indictment fails to allege any ownership of the building into which the defendants are alleged to have broken and entered.

3rd. Because no ownership of the building mentioned in the indictment is alleged in the indictment."

The lower court denied the motion, to which ruling the defendants duly excepted and thereupon judgment was

formally pronounced upon the defendants, from which they seek relief here by writ of error.

Two assignments of error are alleged, viz:

> 1. The court erred in sustaining the demurrer of the State of Florida to defendant's special plea in bar (plea of *autrefois acquit*).
>
> 2. The court erred in overruling defendants' motion in arrest of judgment.

The Constitution of the State provides that

> "No person shall be subject to be twice put in jeopardy for the same offense." Sec. 12, Dec. of Rights.

Supplementing this constitutional provision and giving to it practical effect is Sec. 6059, R. G. Stats., which is as follows:

> "Acquitted person not to be tried again for the same offense. No person shall be held to answer on a second indictment, information or complaint for a crime of which he has been acquitted, but such acquittal may be pleaded by him in bar of any subsequent prosecution for the same crime, notwithstanding any defect in the form or substance of the indictment, information or complaint."

Thus, under the constitution and laws of this State, when a person has once been indicted for an offense, tried and acquitted, he can not afterwards, lawfully be indicted a second time for the same offense, and if he be thus indicted a second time, he may plead *autrefois acquit*. Such a defense is a plea of discharge or release, that gives a reason why the defendant ought not to answer the indictment and ought not to be put on trial for the crime alleged. It is a plea of a mixed nature and consists partly of matters of record and partly of matters of fact. The matter of record is the former indictment and acquittal; the matters of

fact are the averments of the identity of the offense and persons.

Strojar v. State, 55 Fla., 146; 47 So. 4.

O'Brien v. State, 55 Fla., 146; 47 So. 11.

The sufficiency of the special plea of defendants as a bar to the prosecution under the second indictment is attacked by the demurrer of the State. Such plea is not a plea upon the merits, nor is it an inquiry as to anything the defendants have or have not done, and is therefore not of a criminal nature. It is a collateral civil inquiry as to what action the court has taken on a former occasion. 8 R. C. L. 118, 16 C. J., 419, and therefore the rules applicable to civil pleadings must govern in considering the demurrer.

The first ground of the demurrer is not a sufficient compliance with the statutory rule, that the substantial matters of law to be argued must be stated, and presents nothing for consideration, unless upon a bare inspection of the plea it should be found so faulty and defective as to constitute no bar to the prosecution.

Hartford Fire Insurance Co. v. Hollis, 58 Fla., 268; 50 So., 985.

The third ground of the demurrer must also be disregarded as it appears to be directed to the sufficiency of an alleged exhibit to the plea, which exhibit the record here fails to include, if any ever existed, nor does the plea itself refer to any.

The correctness of the ruling on the demurrer, therefore, is dependent upon the sufficiency of the second ground thereof.

It is urged here by the State, that by a comparison between the description in the two indictments of the locus of the dwelling house alleged to have been entered, there is such an apparent discrepancy that it does not appear

that one and the same house is charged in both indictments to have been entered. It is also pointed out in the plea itself that the date of the alleged offense is differently charged in the two indictments. To meet and overcome these discrepancies, the plea alleges "that the offense charged in both of said indictments is one and the same offense although alleged in said indictments to have occurred on different days. That the breaking and entering alleged in both of said indictments is one and the same, breaking and entering. That the building mentioned in each of said indictments is one and the same building, and the identical building is mentioned and described in each of said indictments."

Where the offense is alleged in the two indictments to have been committed at different times and places they are nevertheless sufficiently identified by general averments in the plea to the effect that the offense of which the defendants were indicted and acquitted in the first prosecution and the offense of which they now stand indicted are one and the same offense. Though the first indictment be for breaking and entering a dwelling house described in one way and the second indictment be for breaking and entering dwelling house described in a different way, they are sufficiently identified in the plea by the general averments that the house so differently described is one and the same.

Arch Cr. Pl. Ev. & Prac., p. 158.
Arch Cr. Pl. & Ev. 109.

The plea in the instant case, in its averments, of identity of the offense and person fully complies with this rule of pleading; and as the demurrer admits the truth of all the facts well pleaded, for the purpose of testing the legal question raised by it, the reasonable, if not necessary construction to be placed upon its allegation is that the offense charged in the two several indictments is one and the same.

It is further urged on the part of the State, that the plea is defective in that it fails to aver the judgment of acquittal and discharge. The plea avers the trial of the defendants under the first indictment and sets out the verdict of not guilty returned by the trial jury and alleges that such verdict was received in open court and duly filed. While it is generally held that a plea of former conviction must set out the former judgment and allege that it is in full force and effect and unreversed, (O'Brien v. State, 55 Fla., 146; 47 So. 11), this is not required in a plea of former acquittal, as the verdict of acquittal is final and cannot be reviewed on error or otherwise, without putting the defendant twice in jeopardy and thereby violating the Constitution. The rule is general in this country that a verdict of acquittal, although not followed by a judgment, is a bar to a subsequent prosecution of the same offense.

Ball v. United States, 163 U. S. 662, 41 L. Ed. 300.

Allen v. State, 52 Fla. 11; 41 So. 593.

Tufts v. State, 41 Fla. 663; 27 So. 218.

The court was therefore in error in sustaining the demurrer, as the plea was sufficient in its allegations as to the former jeopardy of the defendants and their acquittal for the same offense.

The second assignment of error is based upon the ruling of the trial court in denying the motion in arrest of judgment by which the validity of the indictment is presented. This indictment, upon which defendants were convicted, it is contended fails to set out definitely and directly the ownership of the house alleged to have been broken and entered. If any ownership is attempted to be alleged it is to be found only in the following recital, ''said dwelling house being then and there occupied by Tom Brown.''

The settled rule in this State, stated and maintained in every case involving the consideration of the question,

> "Ownership of the building broken and entered is a material ingredient of the offense of breaking and entering, and an indictment which contains no allegation of ownership of the building is fatally defective and judgment thereon will be arrested."
>
> Burnes v. State, 104 So. 783,
> Vicente v. State, 66 Fla., 197; 63 So. 423,
> . Davis v. State, 51 Fla. 37; 40 So. 179,
> Pells v. State, 20 Fla. 774,
> Smith v. State, — Fla., —; 85 So., 911.

Compliance with this rule is not observed with allegations of mere occupancy and an allegation that the dwelling house alleged is "occupied" by a named person is insufficient. 2 Chitty Cr. Law. 860, *1096. Simpson v. State, 5 Okl. Cr. 57; 113 Pac. 549.

The purpose of the statute against breaking and entering is to punish for an offense involving the possessory rights of another. Priestly v. State, 61 Fla., 46; 54 So. 367. One of the essentials of a charge as to an offense against property is the negation of the defendant's ownership by such averments as show affirmatively that the property, general or specific, against which the crime is laid is in another than the defendant, in order that it may appear upon the face of the indictment and from the facts therein charged that an offense has been committed and that the defendant is guilty. In Davis v. State, supra, it is stated that one of the reasons for requiring an allegation of ownership of the building charged to have been broken and entered is "for the purpose of showing on the record that the building alleged to have been broken into was not the property of the accused as one can not commit the offense

of breaking and entering his own building." To allege that one is the owner of a building is equivalent to asserting that he has a rightful title thereto; to allege that one "occupies" a dwelling house is not an unequivocal assertion that he rightfully does so, as he may be a trespasser holding wrongfully against the true owner or one who has the possessory right thereto; or such occupant may be the agent or servant of the owner. From such an allegation it does not follow that the defendants in this case are not the rightful owners of the dwelling house alleged, nor can it be properly inferred from the allegations of the indictment that they are not as said in Smith v. State, 75 Fla. 468; 78 So. 530, the rule is well settled in this jurisdiction that "an indictment should allege every necessary element constituting the offense charged, and no such element left to inference." The requirement of the law is not satisfied so long as any of the facts material and necessary to the defendants' guilt are left to implication or inference.

The indictment being fatally defective in stating no ownership of the building alleged to have been broken and entered the judgment should have been arrested.

The judgment of the court below is hereby reversed, with directions to overrule the State's demurrer to the defendants' plea of former acquittal and to discharge the defendants without day at the cost of Calhoun County.

WHITFIELD, P. J., AND TERRELL, J., concur.

BROWN, C. J., AND ELLIS, J., concur in the opinion.