ALBERT COLLINGSWORTH, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error*.

Division A.

Opinion Filed June 11, 1927.

Petition for Rehearing Denied July 5, 1927.

SYLLABUS.

1. Where the evidence does not expressly locate a crime as having been committed in the county charged in the indictment, but there is in the evidence reference to towns, localities or landmarks near the scene of the crime, known or probably familiar to the jury, and from which they may have reasonably concluded that the offense was committed in the county alleged, it is sufficient to sustain the verdict so far as proof of venue is concerned.

2. Plaintiff in error was indicted for breaking and entering with intent to steal, a store building, the property of M. The evidence showed that M. had occupied the store with her merchandise and in the conduct of her mercantile business, and had closed it up the night of the breaking and entering. This was sufficient evidence to sustain the alllegation as to ownership.

3. Proof of special or temporary ownership, possession or control, such as a lessee would have over the store or building in which the crime of breaking and entering with felonious intent was committed, is sufficient to sustain the allegation in an indictment that such lessee was the owner.

4. An accomplice is a competent witness and his uncorroborated evidence is sufficient to support a conviction if it satisfies the jury of guilt beyond all reasonable doubt.

A Writ of Error to the Circuit Court for Okaloosa County; A. G. Campbell, Judge.

Affirmed.

*Purl G. Adams*, for Plaintiff in Error;

*J. B. Johnson*, Attorney General, and *H. E. Carter*, Assistant, for Defendant in Error.

BROWN, J.—Plaintiff in error was convicted of the offense of ''feloniously breaking and entering a certain building, to-wit, a store building, the property of one Lucy Martin, with the intent then and there to steal, take and carry away, money, goods and chattels'' of the value of less than $50.00 and was sentenced to three years in the State prison. The only assignment of error insisted upon is based upon the denial of the motion for new trial. The first three grounds of the motion related to the sufficiency of the evidence to support the verdict, and the fourth and fifth had specific reference to the proof of venue.

The only testimony on the question of venue was that of Lucy Martin, who testified that she ran a little shop or store about three-quarters of a mile from Laurel Hill. Then she was asked: "It is in Okaloosa County, is it not?" To which she answered: "Yes, sir, I reckon so, if Laurel Hill is in Okaloosa County."

This was the store which the evidence showed had been broken into and entered on the night of December 11, 1926. In the case of Duncan v. The State, 29 Fla. 439, 10 So. 819, it was held that where the evidence does not expressly locate the crime as having been committed in the county charged in the indictment, but there are in the evidence references to various localities and landmarks which are near the scene of the crime, known by or probably familiar to the jury, and from which they may have reasonably concluded that the offense was committed in the county alleged, it is sufficient proof of venue. To like effect, see Leslie v. The State, 35 Fla. 184, 17 So. 559; McCune v. The State, 42 Fla. 192, 27 So. 867. Venue in a criminal prosecution need not be proved beyond every reasonable doubt. Smith v. The State, 29 Fla. 408, 10 So. 894. The Court will take judicial knowledge of the fact that Laurel Hill is in Okaloosa County, and the jury were probably familiar with its distance from the county line. There was, therefore, evidence before the jury from which they could have inferred that the venue was proven as laid in the indictment. No evidence was offered by the defendant to the contrary. We would, therefore, not be authorized, under our decisions, to reverse this case upon this assignment of error.

It is next insisted that there was not sufficient proof of the ownership of the building broken into. In the case of Leslie v. The State, 35 Fla. 171, 17 So. 555, the indictment alleged the ownership of the office entered to be in one Alexander, whereas the proof showed that the building

belonged to some other person than Alexander, but that he rented one room therein and occupied it as his office. The opinion says: "The law is well settled that under these circumstances the ownership of the office rented is properly alleged to be in him, and that proof that he simply occupied it as a lessee is sufficient to sustain the ownership as laid in the indictment. In this class of cases, as in cases of larceny, the only necessity for any allegation as to ownership is for the sake of, and as a part of the description of the offense, and proof of special or temporary ownership, possession or control, such as a lessee would have over the room in which the crime was committed, is sufficient to sustain the allegation in an indictment that such lessee was the owner. The evidence in this case showed that Lucy Martin had occupied the little store or shop with her merchandise and in the conduct of her mercantile business, and had closed it up that night, before the breaking and entering occurred, and the evidence afforded grounds for the reasonable inference that she exercised control over and management thereof. Under the Leslie case above cited, this was sufficient evidence to sustain the allegation of ownership.

It is earnestly insisted that the evidence was insufficient to sustain the verdict of conviction, in that practically the only testimony tending to connect the plaintiff in error with the commission of the offense was that of an alleged accomplice, Marion Atwell, and that his testimony should not have been credited by the jury. It is true that the testimony of this witness is rather vague, contradictory and inconsistent, but if parts of it were true, plaintiff in error either actively participated in the breaking and entering, or was present aiding and abetting, and it was within the province of the jury to believe such testimony if they saw fit. There was also testimony introduced tending to show

that early on Sunday morning following the Saturday night on which the store was burglarized, the plaintiff in error, together with a co-defendant, Harrelson, whom Atwell's testimony had shown to be one of the chief participants in the crime, was found in possession of certain articles of food identical in character with those taken from the store of Lucy Martin the previous night. This was not necessaraily proof of guilt but was a circumstance which the jury could consider. An accomplice is a competent witness and his uncorroborated evidence is sufficient to support a conviction if it satisfies a jury of guilt beyond a reasonable doubt. Moore *et al.* v. The State, 83 Fla. 270, 91 So. 180, and cases cited. The verdict had the approval of the trial judge, who saw and heard all the witnesses, and who denied the motion for new trial. This case is within the rule that a judgment of conviction will not be reversed by the Appellate Court where there is evidence in the record legally sufficient to support the verdict and nothing to indicate that the jury were influenced by considerations outside the evidence. Moore *et al.* v. The State, *supra.*

Affirmed.

ELLIS, C. J., AND STRUM, J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion.