ALLEN, Chief Judge.
The defendant was tried and convicted of unlawfully breaking and entering a certain building with intent to commit a misdemeanor.
The first count of the information charged that the defendant, Charles Stewart, and one William Curtis Wallace, on the 14th of February, 1960, did unlawfully break and enter a certain building, to wit: Bill’s Tavern, located at 8113 Nebraska Avenue in the City of Tampa, the property of- Wendell G. Tam, with intent to commit a misdemeanor therein, to wit: to unlawfully take, steal and carry away the money, goods and property of the value of less than $100, the property of Wendell G. Tam.
Wendell Tam, as a witness for the State, testified as follows:
“Q„ What is your name, please?
A. Wendell Tam.
“Q. Mr. Tam, what is your occupation or profession? What do you do?
A. Bartender.
“Q. Where? A. Bill’s Tavern, Sulphur Springs.
“Q. And you are the manager out there? A. Yes, sir.
“Q. At night? A. Yes.
*35 “Q. What is that address there? A. 8113 Nebraska Avenue.”
On cross-examination Tam stated that he was not the licensee and not the tenant; that the rent was paid by one William Pennington whom he thought had a lease from Mr. Chanbon. Then the question was asked:
“Q. But you have absolutely no status as a tenant or as an owner of the bar, you are strictly an employee?
A. Yes, sir.”
The defendant moved for a directed verdict on the first count among other grounds that the evidence failed to show that the premises broken into were owned by Wendell G. Tam, as set out in the first count of the information, .and showed ownership in another person which constituted a fatal variance. The court denied the motion and, after finding the defendant guilty and denying the motion for a new trial, the defendant was sentenced to three years in the state prison.
In Smith v. State, 96 Fla. 30, 117 So. 377, the Court held that the allegation of ownership in a prosecution for breaking and entering is material and must be proved as laid. The defendant, Roy Smith, was charged with ' breaking and entering the property of Frank Heide with intent to commit a felony. The proof showed the property to be owned by H. Rich Mooney. Heide was an employee of Mooney. His duties were to take care of the grounds and open the house occasionally for ventilation. He had a key to the house, but did not live in it or on the premises.
The Court, in its opinion, said:
“The judgment should be reversed because of the variance between the allegation and proof as to ownership. Under the statutes denouncing burglarious entering the allegation of ownership of the building alleged to have been entered is material and must be proved as laid. See Pells v. State, 20 Fla. 774; Burnes v. State, 89 Fla. 494, 104 So. 783; Smith v. State, 80 Fla. 315, 85 So. 911; Vicente v. State, 66 Fla. 197, 63 So. 423; Davis v. State, 51 Fla. 37, 40 So. 179; Potter v. State, 91 Fla. 938, 109 So. 91.”
In Kirtsinger v. State, 99 Fla. 433, 126 So. 767, it is stated that where a house is unoccupied, ownership should be alleged in the holder of the title as having the constructive possession but where it is occupied, ownership should be laid in the actual occupant, unless he is a mere servant.
In Potter v. State, 91 Fla. 938, 109 So. 91, it was held that an averment that the building was “occupied” by a named person is not sufficient allegation of ownership as is required in an indictment for breaking and entering.
In Cannon v. State, 102 Fla. 928, 136 So. 695, 697, it was said that where the property alleged to have been broken into was occupied by a lawful tenant at the time of breaking and entering the ownership of such property should be laid in the tenant because it would be the tenant’s and not the 'true owner’s property rights that would be invaded by the breaking and entering for the purpose of committing a misdemean- or or felony under the Florida statutes. The Court, in its opinion, said:
“In Presley v. State, 61 Fla. 46, 54 So. 367, it was held that the purpose of our statute against breaking and entering is to punish for an offense involving the possessory rights of another.. One of the essentials of a charge as to an-offense against property is the allegation of the defendant’s ownership by such averments as show affirmatively that the property, general or specific, against which the crime is laid, is in another than the defendant, in order that it may appear upon the face of the charge that an offense has been committed, and that the defendant is guilty. Under this rule, where property is occupied by a lawful tenant, the ownership of such property should be laid in the tenant because it would *36 be the tenant’s and not the true owner’s property rights that could be invaded, by a breaking and entering for the purpose of committing a misdemeanor or felony under our statutes. 1 Wharton Crim. Law, par. 798; Ashton v. Georgia, 68 Ga. 25. From the foregoing it follows that it is necessary to allege and prove ownership of a dwelling alleged to have been broken into for the purpose of committing a misdemeanor therein. It is likewise necessary to establish such ownership as laid in the stated charge.
“In this case the state utterly failed to prove, or to offer the suggestion of proof, that any possessory rights of Pearl Strickland, the alleged owner of the dwelling house broken into; were violated by the doing of the acts proved on the part of the defendants, and therefore it was error for the court to have refused to direct a verdict of acquittal upon timely motion interposed demanding the same.”
In the recent case of Holzapfel v. State, Fla.App. 1960, 120 So.2d 195, 197, decided by the Third District Court of Appeal, it was stated:
“ * * * The information upon which the defendant was tried alleged that the defendant broke and entered a building located at * * * the property of R. L. Stokes and Thelma Stokes. In response to defendant’s motion for bill of particulars the State gave the name and address of one Rafael Cabrera as the person who was lawfully in possession of the property on the date in question.”
The owners, Stokes and his wife, testified that they were the fee simple owners and they had rented the premises to one Roberto Garcia. The owners testified they did not know Rafael Cabrera and had never seen him prior to trial. It developed that Garcia, the lessee, although not in actual possession, had paid the rent consistently each month. The court held that the possessory right in the premises was not sufficiently established.
We do not believe that the proof in this case shows that any property rights of Tam were broken or that he had such possesssory rights in the property that would sustain the charges in this case.
Case reversed for a new trial.
KANNER and SHANNON, JJ., concur.