169 So.2d 512 (1964)
Louis B. HARPER, Appellant,
v.
STATE of Florida, Appellee.
No. 4693.
District Court of Appeal of Florida. Second District.
December 11, 1964.
*513 W.D. Frederick, Jr., Public Defender, Orlando, for appellant.
James W. Kynes, Atty. Gen., Tallahassee, Robert G. Stokes, Asst. Atty. Gen., Lakeland, for appellee.
KANNER, Judge (Ret.).
Louis B. Harper, defendant-appellant, was by the jury found guilty of breaking and entering a building with intent to commit a felony, that of grand larceny. Appealing from the judgment and sentence, appellant contends primarily that the court erred in refusing to direct a verdict in his favor, predicated upon a fatal variance in the allegation of ownership as given in the information and in ownership as proved by the evidence.
Ownership of the building described in the information is laid in one David Harold Siegel. Appellant urges that the testimony given by Siegel establishes that he was a manager, while the state claims that ownership for the purpose of the information was in Siegel through possession and control by agreement with the fee holder.
The law on the question thus posed provides that, in an information charging burglary, ownership of the building entered must be alleged, or the information will be fatally defective. Burnes v. State, 1925, 89 Fla. 494, 104 So. 783. There are two reasons for requiring this, (1) to show that the building was not the property of the accused, inasmuch as one cannot commit the offense of breaking and entering his own building, and (2) to so identify the offense as to protect the accused from a second prosecution for the same offense. Davis v. State, 1906, 51 Fla. 37, 40 So. 179; Findley v. State, 1936, 124 Fla. *514 447, 168 So. 544. The general rule applicable in cases of this type is that the ownership of the building should be laid, not in the holder of the legal title where he is not in possession, but in the actual occupant, the party in possession and control of the building, unless he is a mere servant, Addison v. State, 1928, 95 Fla. 737, 116 So. 629; or employee, Smith v. State, 1928, 96 Fla. 30, 117 So. 377; or manager, Stewart v. State, Fla.App. 1960, 122 So.2d 34. Under this rule, where property is occupied by a lawful tenant, the ownership should be laid in the tenant, because it would be his and not the true owner's property rights that could be invaded by a breaking and entering for the purpose of committing a misdemeanor or a felony under the Florida statutes. Cannon v. State, 1931, 102 Fla. 928, 136 So. 695. To sustain the allegation of ownership, proof of special or temporary ownership, possession, or control, such as that which a lessee or tenant would have over the store or building in which was committed the crime of breaking and entering, is sufficient. Collingsworth v. State, 1927, 93 Fla. 1110, 113 So. 561; 5 Fla.Jur., Burglary and Housebreaking, section 28, page 172.
During the trial, no testimony was offered by or on behalf of appellant, but in asserting error, he relies upon answers elicited from Siegel, the alleged owner, on cross-examination. The cross-examination began with the queries, "Mr. Siegel, you have spoken to us about an oral agreement, are you an attorney? * * * Do you have any knowledge of the distinction perhaps an employment agreement and a lease?" To these, the witness responded negatively. Then ensued the question, "The agreement * * * could have been an employment agreement, is that correct?" Siegel replied, "No employment was mentioned, sir." Counsel for appellant asked, "Weren't you in fact simply the manager of this station * * *?" to which Siegel responded, "All things would tend to think so;" as to whether he could be fired by Eveland, the fee owner of the building, Siegel replied, "I believe so;" and to the question, "Gasoline was on consignment to you was it not?" the answer was, "That's correct."
Other elicited testimony was that Eveland paid the taxes, repaired the building if something broke, took depreciation on the building, paid utilities, owned personal fixtures; also he required that only his products be sold, made inspections, complained if the service was poor, regulated the hours, the price of gasoline, and the bookkeeping system used, and required Siegel to attend managers' meetings.
On the ownership issue, aside from the above, Siegel testified upon direct and redirect examination that the gasoline station which he operated was a Hurricane service station, that he was not working for anyone in operation of it; he operated it for himself and not someone else. He further stated:
"I leased the gas station from Mr. Eveland. * * * That was an oral agreement. * * * I operated it as David Harold Siegel."
Siegel testified that during the entire period of his occupancy of the building, he made payments to Eveland for use of the land and building as a Hurricane gas station pursuant to the agreement; he was sole proprietor of the business; he employed two assistants and paid them with his own money; he bought the petroleum products from Eveland and, in turn, paid him for the products; the money for the products sold at the gas station was Siegel's; the funds stolen represented cash receipts from sale of gasoline and oil, and their theft was his loss.
Our decision in Stewart v. State, supra, relied upon by appellant as similar, reveals an instance where the testimony did uncover a fatal variance flowing out of a showing that the person in whom ownership was laid was a manager. There, the information attributed ownership of the building, Bill's Tavern, to one Wendell G. Tam, who testified as a witness for the *515 state that he was a bartender by occupation or profession and was manager of the tavern at night. On cross-examination, Tam stated that he was not a licensee and not a tenant and that the rent for the building was paid by another, who he thought had a lease. To the question, "But you have absolutely no status as a tenant or as an owner of the bar, you are strictly an employee?" Tam responded, "Yes, sir." Thus, Stewart v. State is wholly distinguishable from the case at bar, where, in contrast to Tam, Siegel himself, by his testimony, had an oral lease for the gas station, pursuant to which he paid for use of and actually occupied the building, was sole proprietor of and personally operated the business.
It is to be noted, as to two of the answers which came out of the cross-examination that "All things would tend to think" Siegel was simply a manager and that he believed he could be "fired," neither is unequivocal. One of the answers hinges upon "things would tend to think," while the other voices a belief. The evidence on the question of ownership should be viewed in its totality rather than selectively as to any particular portion of it. As against the over-all testimony of Siegel, the two mentioned answers, together with the other evidence arising from the cross-examination and relied on by appellant, cannot suffice to take the case away from the jury upon the basis of variance between the proof and the allegation of ownership in the information, in view of the enunciations of the appellate courts. The trial judge therefore correctly submitted the case to the jury, including in his instructions the ingredient with respect to ownership.
In Addison v. State, supra, 116 So. at page 630, the supreme court, as a part of its discussion with reference to the general rule upon the subject of ownership, quoted from Bishop's Criminal Practice, volume 3, section 137, including the following:
"The ownership of the building must be alleged, and without variance proved as laid. But the meaning of ownership varies with the offense. Burglary is not a disturbance to the fee of the place as realty, but to the habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar."
No contention is made as to sufficiency of the evidence to prove other elements of the crime here involved. The evidence is ample to sustain the jury's verdict, which obviously comprehended a determination that Siegel's habitable security under his right of possession pursuant to his agreement with the title holder of the building was invaded by the breaking and entering. We have scrutinized the complete record presented on the appeal and find no prejudicial error.
Affirmed.
ALLEN, Acting C.J., and ANDREWS, J., concur.