324 So.2d 159 (1975)
Roger Lewis DORSEY and Donald Wayne Bennett, Appellants,
v.
STATE of Florida, Appellee.
No. Y-346.
District Court of Appeal of Florida, First District.
December 23, 1975.
Rehearing Denied January 16, 1976.
*160 Richard W. Ervin, III, Public Defender, and Michael J. Minerva, Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
SMITH, Judge.
From the circumstantial evidence in this case the jury could properly have found that appellants are guilty of breaking and entering with intent to commit petit larceny. The more troublesome question is whether, on an information charging that appellants with requisite intent broke and entered "a certain building located at 300 W. Tharpe Street, [Tallahassee] ..., the property of Bill Peacock," appellants may be convicted on proof that the building was located on land leased by Bill Peacock Leasing & Rental, Inc. See Alvarez v. State, 157 Fla. 254, 25 So.2d 661 (1946). There was testimony, albeit ambiguous, that "the building belongs to Mr. Bill Peacock" and "the property, I understand, is leased." See generally 17 Fla.Jur. Improvements § 3 (1958). At any rate, since for present purposes ownership is any possession which is rightful as against those alleged to be burglars, we conceive that the sole corporate stockholder and operator of a corporate business is, as against burglars, the owner of the building used only for corporate business. See Johnson v. State, 293 So.2d 71 (Fla. 1974); Harper v. State, 169 So.2d 512 (Fla.App.2d 1964), 172 So.2d 454 (Fla. 1965).
Affirmed.
BOYER, C.J., and MILLS, J., concur.