356 So.2d 382 (1978)
I.V. ANDERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 77-213.
District Court of Appeal of Florida, Third District.
March 14, 1978.
*383 Sam W. Kleinfeld, Miami, for appellant.
Robert L. Shevin, Atty. Gen. and William M. Grodnick, Asst. Atty. Gen., for appellee.
Before BARKDULL, HUBBART and KEHOE, JJ.
HUBBART, Judge.
This is a criminal prosecution for burglary and petit larceny in which the defendant was convicted as charged and sentenced. The defendant appeals.
The only issue presented for review which merits extended discussion is whether there is a fatal variance between the information and proof in a burglary prosecution *384 where the information alleges that the burglarized dwelling was the property of a named person as owner and custodian thereof and the proof shows that such person is a lawful tenant of the dwelling where he lives along with the fee title holder and lessor of said dwelling. We hold that there is no fatal variance under such circumstances and affirm.
The defendant I.V. Anderson was charged by information with burglary and petit larceny before the Circuit Court for the Eleventh Judicial Circuit of Florida. The burglary count of the information charged that the defendant on May 9, 1976, in Dade County, Florida, "did unlawfully enter or remain in a certain dwelling, located at 2735 N.W. 44th Street, Dade County, Florida, in the County and State aforesaid, the property of VAN ALEXANDER, as owner or custodian thereof, with intent to commit an offense therein, to wit: PETIT LARCENY, in violation of Section 810.02(3), Florida Statutes... ."
The defendant entered a plea of not guilty, waived trial by jury, and was tried by the court without a jury. The evidence introduced at trial revealed that on May 9, 1976, Van Alexander lived at a dwelling house located at 2735 N.W. 44th Street, in Dade County, Florida, as a lawful tenant of said house. The owner and lessor of the house was Mary Alexander and she too lived in the house on the date of the offense. Both Van and Mary Alexander occupied and had equal access to the entire house.
The evidence linking the defendant to the burglary and theft of the television set therein was admittedly more than sufficient to sustain the conviction returned and no contention is made to the contrary. The house was broken into, ransacked, and a television set belonging to Van Alexander was taken by the defendant. It is also clear from the evidence that the defendant had no property or possessory interest whatever in the burglarized premises.
The trial court denied appropriate defense motions for judgment of acquittal at trial and found the defendant guilty as charged. The defendant was adjudged guilty and sentenced to three years imprisonment. The defendant now appeals to this court and contends that there is a fatal variance between the information and proof as to the ownership of the burglarized dwelling. We cannot agree.
The crime of burglary under Sections 810.02(1), (3), Florida Statutes (1975),[1] is the unconsensual entering or remaining in the structure or conveyance of another with intent to commit an offense therein. Vasquez v. State, 350 So.2d 1094, 1096 (Fla. 3d DCA 1977). The purpose of the statute is to punish a criminal invasion of the possessory property rights of another in structures and conveyances, as opposed to ownership rights therein. Potter v. State, 91 Fla. 938, 109 So. 91 (1926); Presley v. State, 61 Fla. 46, 54 So. 367 (1911); Vasquez v. State, 350 So.2d 1094, 1096 (Fla. 3d DCA 1977); Jackson v. State, 259 So.2d 739 (Fla. 2d DCA 1972); Gagne v. State, 138 So.2d 90 (Fla. 2d DCA 1962); Holzapfel v. State, 120 So.2d 195, 197 (Fla. 3d DCA 1960).
One of the essential elements of the crime of burglary relevant here is that the burglarized structure or conveyance must be that of another; that is, it must be lawfully possessed at the time of the offense by someone other than the defendant. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931). The courts have often called this element "ownership" which has been defined as a word of art to mean "any possession which is rightful as against the *385 burglar," Addison v. State, 95 Fla. 737, 741, 116 So. 629, 630 (1928); Dorsey v. State, 324 So.2d 159, 160 (Fla. 1st DCA 1975), and is satisfied by "proof of special or temporary ownership, possession or control." Dees v. State, 99 Fla. 1144, 128 So. 485 (1930). The name of the "owner" of the burglarized structure or conveyance as thus defined must be sufficiently alleged in the indictment or information and proven as alleged without fatal variance. Lopez v. State, 106 Fla. 361, 143 So. 303 (1932); Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Davis v. State, 51 Fla. 37, 40 So. 179 (1906); Pells v. State, 20 Fla. 774 (1884); State v. Ward, 354 So.2d 125 (Fla. 3d DCA 1978); Mitchell v. State, 317 So.2d 465 (Fla. 4th DCA 1975); Sifford v. State, 202 So.2d 14 (Fla. 3d DCA 1967); Haines v. State, 113 So.2d 601 (Fla. 2d DCA 1959). It is said that requiring such allegation and proof as thus particularized not only is essential to establishing the element of "ownership," but also protects the defendant from a second prosecution for the same offense. Findley v. State, 124 Fla. 447, 168 So. 544 (1936); Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Davis v. State, 51 Fla. 37, 40 So. 179 (1906); Harper v. State, 169 So.2d 512 (Fla. 2d DCA 1964).
Although the courts have been more strict in interpreting this element in burglary, as opposed to larceny or robbery cases, Johnson v. State, 293 So.2d 71 (Fla. 1974); Kennedy v. State, 31 Fla. 428, 12 So. 858 (1893), they have never been overly concerned with the technical niceties of real property law and have often held that minor deficiencies in pleading and proof as to "ownership" are immaterial under the burglary statute. Kirtsinger v. State, 99 Fla. 433, 126 So. 767 (1930); Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Dorsey v. State, 324 So.2d 159 (Fla. 1st DCA 1975); Gagne v. State, 138 So.2d 90 (Fla. 2d DCA 1962). Obviously, something more than mere occupancy of the burglarized premises is essential to constitute "ownership". Potter v. State, 91 Fla. 938, 109 So. 91 (1926). And mere work contact with the burglarized premises by an employee, servant, or manager of the fee title holder or legal tenant is equally insufficient. Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Stewart v. State, 122 So.2d 34 (Fla. 2d DCA 1960). But any substantial lawful control over such premises superior to that of the defendant constitutes "ownership" for burglary purposes. Harper v. State, 169 So.2d 512, 515 (Fla. 2d DCA 1964). It is accordingly well-settled that a legal tenant who occupies the burglarized premises at the time of the offense is the "owner" thereof under the burglary statute, not the unoccupying fee title holder or lessor. Indeed, such a fee title holder or lessor can commit a burglary against the leased premises because the occupying tenant is in sole lawful possession thereof. Cannon v. State, 102 Fla. 928, 136 So. 695 (1931); Dees v. State, 99 Fla. 1144, 128 So. 485 (1930); Collingsworth v. State, 93 Fla. 1110, 113 So. 561 (1927); Leslie v. State, 35 Fla. 171, 17 So. 555 (1895); Lindsey v. State, 184 So.2d 437 (Fla. 3d DCA 1966); Holzapfel v. State, 120 So.2d 195 (Fla. 3d DCA 1960).
In the instant case, the information lays the ownership of the burglarized dwelling in Van Alexander; the evidence at trial establishes that Van Alexander was an occupying lawful tenant in the dwelling house with access to the entire house. The evidence also establishes that living there with him was the fee title holder and lessor of the premises, Mary Alexander. In such case, we see no difficulty in laying "ownership" under the burglary statute in either the tenant or the owner-lessor and proving same as alleged because each is in lawful possession of the premises as against the defendant. Kirtsinger v. State, 99 Fla. 433, 126 So. 767 (1930). The element of "ownership" was therefore properly established as laid herein, which holding in no way exposes the defendant to a second prosecution for the same offense.
We have carefully considered the other contentions raised by the defendant for reversal of the conviction herein and find them insufficient to merit a reversal of the convictions returned herein. We accordingly affirmed the judgment of conviction and sentence herein.
Affirmed.
NOTES
[1] "(1) `Burglary' means entering or remaining in a structure or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain. * * *

(3) If the offender does not make an assault or is not armed, or does not arm himself, with a dangerous weapon or explosive as aforesaid during the course of committing the offense and the structure entered is a dwelling or there is a human being in the structure or conveyance at the time the offender entered or remained in the structure or conveyance the burglary is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. Otherwise, burglary is a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084."