DOWNEY, Judge,
concurring specially:
A petition seeking adjudication of delinquency was filed against appellant, charging him with burglary contrary to Section 810.02(3), Florida Statutes (1975). He was found guilty as charged, adjudicated a delinquent and committed to the Department of Health and Rehabilitative Services.
On appeal appellant contends the trial court erred 1) in denying appellant’s motion to dismiss because the state failed to prove ownership of the building as laid in the petition, and 2) the state failed to prove an essential element of the crime, to-wit intent. I find no merit in the latter contention, but deem the former to warrant discussion.
The petition in question, in pertinent part, charged appellant with unlawfully entering a structure located at 117 Northwest 18th St., Pompano, Broward County, Florida, property of Wesley Phillips, with intent to commit the offense of larceny. The proof showed that the premises entered was *1054 a grocery store; that Wesley Phillips was the manager and he ran the store. However, the store was owned by his father. Appellant contends there is a fatal variance between the charge contained in the petition and the proof.
The law in this jurisdiction is clear that under statutes denouncing burglarious entering the allegation of ownership of the building entered is material and must be proved as laid. Smith v. State, 96 Fla. 30, 117 So. 377 (1928); Salerno v. State, 347 So.2d 659 (Fla.4th DCA 1977). There also seems to be unanimity of opinion as to the reason for the foregoing rule. As the Supreme Court of Florida said in Davis v. State, 51 Fla. 37, 40 So. 179 (1906):
“The reasons for requiring the ownership of the building the defendant is charged with feloniously and burglariously breaking and entering to be alleged in the indictment are: (1) For the purpose of showing on the record that the building alleged to have been broken into was not the property of the accused, inasmuch as one cannot commit the offense of breaking and entering his own building; (2) for the purpose of so identifying the offense as to protect the accused from a second prosecution for the same offense.” Id., 40 So. at 180.
Addison v. State, 95 Fla. 737, 116 So. 629 (1928); Harper v. State, 169 So.2d 512 (Fla.2nd DCA 1964). But confusion has developed over the years as a result of the misinterpretation of the term “ownership”. Must the ownership be alleged in the fee simple title holder, or a leaseholder, if there be one, or can it be alleged in one holding some lessor interest or right in and to the property?[1] The answer to that rhetorical question is contained in Addison v. State, supra, in which the Supreme Court said:
“ . . The general rule is that, in cases of this kind, the ownership of the building should be laid, not in the holder of the legal title where he is not in possession, but in the actual occupant, the party in the possession and control of the building unless he is a mere servant, [cites omitted] . . . And as stated in section 137, vol. 3, Bishop’s Crim.Prac.:
“ ‘The ownership of the building must be alleged, and without variance proved as laid. But the meaning of ownership varies with the offense. Burglary is not a disturbance to the fee of the place as realty, but to the habitable security. Therefore, in burglary, ownership means any possession which is rightful as against the burglar.’
“Immediately following this, the author continues:
“ ‘Section 138. Under various circumstances, the ownership may be laid equally well in one person or another; as, in the master, or in the servant occupying under him. This is an important consideration, without which many of the cases will appear conflicting. In general, possession and occupancy by the alleged owner are all that are required. While he need not own the fee, he need not even pay rent. “It is enough that it was his actual dwelling house at the time.” Even a possession unlawful as against the person claiming title, but lawful as against the burglar, will suffice. To illustrate:
“ ‘2. Master and Servant. — Where one as mere servant occupies a dwelling house, the ownership is well laid in the master. Or, if the servant is in independent control, it may be laid in him, otherwise not. And it must be, if he pays rent to the master, who retains no authority over the premises.’
“And in 9 C.J. 1044, 1045, it is said:
“ ‘If premises are in the possession and occupancy of a tenant at the time of a burglary, the ownership may be laid in the tenant, and at common law it must be .so laid or there will be a fatal variance.’ ” Id., 116 So. at 630.
Using the foregoing language as a guide and keeping in mind the reason for the allegation and proof of “ownership”, it would certainly appear that the allegation *1055 of ownership in a manager of a store, one who runs the store, would be sufficient. Unquestionably, the manager has a posses-sory right of interest therein which is greater than that of the burglar, and proof' thereof should preclude a second prosecution for the same offense. In a recent case, Adirim v. State, 350 So.2d 1082 (Fla.3rd DCA 1977), the court held that proof of “ownership” in a branch manager of the firm which owned the property was sufficient, noting that he is not just an ordinary employee. See also Johnson v. State, 188 So.2d 61 (Fla.3rd DCA 1966), (ownership alleged and proven to be in a real estate saleswoman who held an exclusive listing for sale of the property and who was in actual possession was held sufficient).
The confusion referred to arises as a result of cases such as Stewart v. State, 122 So.2d 34 (Fla.2nd DCA 1960), and Harper v. State, supra. The former held ownership alleged to be in a person who was the night manager of a tavern was not sufficient and the latter case seems to recognize the validity of such holding. I would reject Stewart, supra, as not being in accord with the law as set out by the Supreme Court in Addison, supra.
Finally, I see no real conflict between the rule laid down in Addison, supra, and Smith v. State, supra. The person alleged to be the owner in Smith was merely a yardman who was authorized to open the house occasionally to air it out.
Accordingly, for the foregoing reasons I concur in an affirmance of the judgment appealed from.

. See, Anderson v. State, 356 So.2d 382, Case No. 77-213, Third District Court of Appeal, opinion issued March 14, 1978, the most recent case dealing with the meaning of “ownership.”